**KIMBERLY COAL CO. v. DOUGLAS et al.**

No. 5582.

Circuit Court of Appeals, Sixth Circuit.

Nov. 5, 1930.

L. M. G. Baker, of Knoxville, Tenn. (T. S. Webb and M. W. Egerton, both of Knoxville, Tenn., on the brief), for appellant.

Joseph S. Graydon, of Cincinnati, Ohio (Joseph L. Lackner, John R. Schindel, John S. Bachman, Maxwell & Ramsey, and Waite, Schindel & Bayless, all of Cincinnati, Ohio, on the brief), for appellees.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

This is an appeal from the decision of the District Court refusing to allow, except to the amount of $6,418.32, a claim, filed by appellant with the appellees as receivers of the Jewett, Bigelow & Brooks Coal Company and the J. B. Stores Company, which claim covered damages arising from the breach of a lease of a coal mine, by the Kimberly Coal Company to the Kimberly Mining Company, the due performance of which, as will later appear, was guaranteed by E. H. Jewett and L. H. Stone, officers of the Jewett, Bigelow & Brooks Coal Company.

Prior to April 7, 1924, the Jewett, Bigelow & Brooks Coal Company was engaged in mining and merchandising coal, largely through the organization of independent corporations of which a number, including the J. B. Stores Company, are admitted to have been mere instrumentalities for the conduct of its business. Liability on the part of the Jewett, Bigelow & Brooks Coal Company is therefore admitted as to obligations of the J. B. Stores Company. It seems to us immaterial whether similar liability existed as to the obligations of the Kimberly Mining Company, or not. On April 24, 1924, receivers were appointed for the Jewett, Bigelow & Brooks Coal Company and the J. B. Stores Company, in an action filed in the District Court for the Eastern District of Kentucky.

The lease of its mining properties by the Kimberly Coal Company to the Kimberly Mining Company, effective as of April 1, 1919, provided for the payment of a monthly rental and that the property would be returned at the termination of the lease, "either by expiration, forfeiture or otherwise," in substantially the same condition, wear and tear by ordinary use excepted. As a part of the transfer, a stock of goods in the commissary department passed to the lessee, and the lease provided that at its termination such stock of goods should at least be equal in value as at the time of lease, or, should a deficiency exist, the lessee "may pay the money value thereof as set out in said schedules or replace the same in kind." Thereafter the Kimberly Mining Company transferred this commissary stock to the J. B. Stores Company in payment for capital stock in the latter company purchased by the mining company. On April 25, 1922, the Kimberly Mining Company determined to surrender the leasehold premises and notified the Kimberly Coal Company of this desire to vacate as of May 15, 1922. The lessor took no steps to accept surrender of the lease, and on May 17, 1922, the property was abandoned and the lessor so notified.

In August, 1922, the Kimberly Coal Company commenced its action in the circuit court of Wayne county, Mich., against the Jewett, Bigelow & Brooks Coal Company, the Kimberly Mining Company, and the guarantors upon the lease, E. H. Jewett and L. H. Stone. This action was of necessity founded on contract and claimed damages in a total sum of $74,369, which included rentals unpaid to the time of abandonment, deficiency in the value of the commissary stock, physical damage to the mine and equipment, and other elements of damage for breach of the lease contract. During the progress of the trial, in 1928, the court expressed the opinion that recovery might be had only for rent up to the time of abandonment, taxes due previous to that date and paid by the Kimberly Coal Company, and the value of the stock of commissary goods. Thereupon counsel for appellant, there plaintiff, stated that he was satisfied to take a verdict only on these three items, and did not care to proceed upon the remaining claims for damages. A verdict was returned in the amount of $18,418.32 as against the Jewett, Bigelow & Brooks Coal Company and the Kimberly Mining Company, and in the amount of $12,000 of the principal obligation as against the guarantors. This latter sum of $12,000 was subsequently paid, thus reducing the judgment claim to the sum of $6,418.32, for which, with interest, it was allowed in the receivership proceedings.

Following this litigation in Michigan, on November 8, 1928, the Kimberly Coal Company was permitted to intervene in the receivership action and to set up additional

claims aggregating $46,000, which were a part of the original claim set up in the Michigan litigation, but for which no recovery was in fact there had. The principal question for consideration is whether these additional claims are now barred upon principles of estoppel by judgment and res judicata. The J. B. Stores Company was not a party to the earlier action, and claim for the value of the stock of commissary goods transferred to it is also separately urged as against that company, on the theory that the agreement to issue shares of capital stock as consideration for the commissary goods was wholly void under the laws of Tennessee, where the property was located, and under the laws of which state the Kimberly Mining Company was organized, that the transfer was invalid under the Tennessee Bulk Sales Law, and that it was in fraud of creditors.

This contention as to the independent liability of the J. B. Stores Company cannot be maintained. If, as is conceded, the J. B. Stores Company was a mere instrumentality used by the Jewett, Bigelow & Brooks Coal Company in the conduct of its business, the property of the Stores Company must in equity be considered the property of the Jewett, Bigelow & Brooks Coal Company, and the debts of the subsidiary the debts of the parent company. The independent entity of the two companies is so far disregarded that each is considered as but a part of the indivisible whole. But even if such separate entity continued, the liability of the J. B. Stores Company must rest either upon an implied contract to pay the reasonable value of such stock of goods, as if transferred without consideration, or upon a remedy of similar nature under the Bulk Sales law. There is no attempt to fix an equitable lien upon any specific chattel property, and both the claims founded upon implied contract are now barred by the statute of limitations. Shannon's Code Tenn. §§ 4466, 4470, and 4472. We are further of the opinion that no such actual fraud appears as would stop the running of the statute of limitations. It is therefore immaterial whether the claim is regarded as founded upon the fact that the Kimberly Mining Company, which is not a party to these proceedings, was another mere instrumentality of the Jewett, Bigelow & Brooks Coal Company, or whether it is asserted against the J. B. Stores Company, separately, by a creditor of the Kimberly Mining Company and as through that company. In either event it is barred. We turn then to the contention upon which the parties mainly rely.

The claims asserted by the appellant, other than for the value of commissary stock, include rental accruing after the date of commencement of the Michigan action, minimum royalties accruing for the year March 1, 1921–22, which the appellant was required to pay to the owner of the fee, and damages arising from failure to maintain and protect the mine structures and equipment. At the time of the institution of the Michigan suit, the appellant obviously had the election to treat the lease as continuing, refuse to accept surrender, and to sue from time to time for installments of rent or other sums which the appellant was required to and did pay on behalf of the Kimberly Mining Company; or the lease might be treated as terminated by breach of the Kimberly Mining Company and an action brought for all damages suffered as a result of such breach. In such latter action the right to possession must revert to the lessor and a proper measure of damage would include not only the damage to the property then suffered, rentals then past due, and deficiency in commissary stock, but also such sum as would fairly represent future gains and profits, and compensate the lessor from past and future losses due to the obligation to pay minimum royalties, and the obligation would also then rest upon the lessor to minimize damages during the remainder of the term. On the other hand, damages to the property already suffered and deficiency in commissary stock could not be considered as properly recoverable upon the hypothesis that the lease continued in force and effect. Apparently what the appellant did in the Michigan litigation was to treat the lease as terminated by breach so far as to permit recovery for damage to the property and deficiency in commissary stock, but to treat it as continuing so far as future rentals, future minimum royalties, and subsequently suffered damage to the property were concerned. The inconsistency of such a position is fatal to the allowance of the present claim.

Having elected to treat the lease as terminated for the purpose of recovery as to certain elements of damage, as to which the right of recovery could accrue only upon termination of the lease, the lease must be considered as terminated as to all elements of damages and for all purposes. It was then open to the lessor to claim not only those damages which had already been suffered, but likewise compensation for such damage as

must, in the normal course of events, be suffered from the breach. That the lessor did not care to do so, or that the trial court was of the opinion that recovery could not be had for future injury proximately caused by the breach, is without effect. The judgment on the merits rendered in the former action between the same parties and by reason of the same alleged breach of contract, operates as an estoppel not only as to every element which was in fact made the basis of the claim, but as to every other matter which might with propriety have been litigated and determined in that action. Davis, Trustee v. Mabee, 32 F.(2d) 502 (C. C. A. 6). Having voluntarily withdrawn from that suit its claims founded upon the nonpayment of rents to accrue in the future, and damages to be subsequently the more apparent, and having announced in open court a willingness to accept a verdict which was only partly compensatory, the Kimberly Coal Company is thereafter and forever bound by such election.

For the reasons above stated, the appellant's claim was properly restricted to the unpaid balance of the Michigan judgment. This judgment was rendered in full as against the Jewett, Bigelow & Brooks Coal Company, as a principal obligor, and against Jewett and Stone, as sureties only, to the amount of their guaranty. The only satisfaction has been received from the sureties, and the question whether the appellant should be permitted to prove the entire face of the judgment, for the purpose of computing dividends, has not been presented and is not considered. Recovery from all sources could not exceed the face of the judgment, and the lower court and parties to the action have treated the sum paid by the sureties as in diminution of the judgment claim.

We therefore accept this position without independent inquiry and the decree of the lower court is affirmed.