### In re OTSEGO WAXED PAPER CO.

### In re MAC SIM BAR PAPER CO.
### No. 5146.

District Court, W. D. Michigan, S. D.
Feb. 27, 1935.

Mason & Sharpe, of Kalamazoo, Mich., for petitioner.

Hoffman & Hoffman, of Allegan, Mich., and Howard & Howard, of Kalamazoo, Mich., for trustee in bankruptcy.

Wilkes & Stone, of Allegan, Mich., for bankrupt.

RAYMOND, District Judge.

The trustee in bankruptcy filed specifications of objections to the allowance of the claim of Mac Sim Bar Paper Company in the sum of $39,851.16; the objection principally relied upon being that prior to bankruptcy bankrupt was a mere adjunct or instrumentality of claimant. The trustee prayed that payment of the claim be deferred until all other creditors are paid in full.

The objections were overruled by the referee, and the matter is now before the court on petition for review. Extensive augmentation of the referee's findings of

fact is unnecessary, in view of the conclusions reached by the court. It appears that for a period of about four years prior to incorporation of bankrupt the Mac Sim Bar Paper Company had operated a waxed paper plant as a division of its own company; the books of the division being kept separately and its affairs being directed by the officers of claimant. Bankrupt was incorporated on October 31, 1929. From that time to the date of bankruptcy the affairs of bankrupt were directed, controlled, and managed in substantially the same manner as they had been during the preceding four years. The Mac Sim Bar Paper Company manufactured paper board, while the bankrupt manufactured waxed paper. The plants of the two companies were adjacent. Accounts, corporate records, and books of bankrupt were kept by employees of Mac Sim Bar Paper Company. The trustee in bankruptcy was unable to find these corporate records, and the disposition of them is not clear. The record fairly discloses, however, that all matters of business policy concerning bankrupt were directed and controlled, not by a board of directors acting as such, but by the officers of claimant. All of the capital stock of bankrupt was owned by claimant. With two exceptions, all the directors of bankrupt were directors of claimant. The president, secretary, treasurer, and head bookkeeper of bankrupt had their offices in the main office of claimant. Bankrupt's incoming mail went first to claimant's office. All loans and purchases were made through the main office of claimant and credit reports to commercial agencies emanated therefrom. At the time of the adjudication, claimant held about one-third of the total of unsecured claims.

The loss of the corporate records increases the difficulty of ascertaining with certainty the extent of control exercised by claimant. The record as made, however, is sufficient to warrant the conclusion that during the period following incorporation bankrupt's affairs were directed and controlled as they had been for four years previously when it existed as a mere division of claimant, and that bankrupt was in reality a mere adjunct or instrumentality of the Mac Sim Bar Paper Company.

■ The principle is contended for here, and was urged before the referee, that the corporate entity should be disregarded only in cases where the purpose to defraud, deceive, cover up, or evade liability appears. In overruling the objections of the trustee, the referee found that, in order to justify objector's claim, it must appear that the corporate entity of the bankrupt was being fraudulently and wrongfully used in order to perpetrate a fraud, and that this fact must be affirmatively proved as in the case of any fraud. This is not the rule applied in the Sixth Circuit, as is clear from examination of the following cases: In re Kentucky Wagon Manufacturing Co. (C.C.A.) 71 F.(2d) 802; Kimberly Coal Co. v. Douglas (C.C.A.) 45 F.(2d) 25; Industrial Research Corporation v. General Motors Corporation (D.C.) 29 F.(2d) 623; In re Kentucky Wagon Manufacturing Co. (D.C.) 3 F.Supp. 958. See, also, McCaskill Co. v. United States, 216 U.S. 504, 515, 30 S.Ct. 386, 54 L.Ed. 590; Chicago, M. & St. P. R. Co. v. Minneapolis Civic & Commerce Association, 247 U.S. 490, 501, 38 S.Ct. 553, 62 L.Ed. 1229. The authorities cited in these precedents render amplification unnecessary.

■ The applicable principle is that, where a corporation is so organized and controlled as to make it a mere instrumentality or adjunct of another, and the subsidiary becomes bankrupt, the parent corporation cannot have its claim paid until all other claims are first satisfied. See Centmont Corporation v. Marsch (C.C.A.) 68 F.(2d) 460; New York Trust Co. v. Island Oil & Transport Corporation (C.C.A.) 56 F.(2d) 580; Edward Finch Co. v. Robie (C.C.A.) 12 F.(2d) 360; Baker Motor Vehicle Co. v. Hunter (C.C.A.) 238 F. 894.

It follows from the foregoing that the claim of the Mac Sim Bar Paper Company should be allowed as a general claim but subordinated to other claims of the same class. The findings of the referee to the extent herein indicated will be overruled. An order may be entered accordingly.