## GALION IRON WORKS & MFG. CO. v. J. D. ADAMS MFG. CO.

### No. 7900.

Circuit Court of Appeals, Seventh Circuit.

June 1, 1942.

412

Harker H. Hittson, of Columbus, Ohio, for appellant.

Louis McClennen, James A. Ross, and Verne A. Trask, all of Indianapolis, Ind. (Ross, McCord, Ice & Miller and Schley & Trask, all of Indianapolis, Ind., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

On February 5, 1936, plaintiff and defendant entered into an agreement under which plaintiff granted defendant a license to manufacture motor graders embodying one or more claims of Winsor patent 2,-020,271. The present suit arose out of this contract and involves two separate claims; the first for royalties claimed to have become due after July 6, 1938, and the second for judgment upon an arbitrator's award made in an ex parte proceeding by the arbitrator named in the contract.

Under the agreement, defendant agreed to pay royalties on graders sold by it after February 5, 1936. Section (d) provided that if in any suit the patent should be held invalid or not infringed, no royalties should be due until reversal, with respect to those graders manufactured by defendant substantially of "the same design and construction as that involved in the supposed litigation and within the scope of the claims involved."

The subsequent suit of Galion Iron Works & Mfg. Co. v. Beckwith Machine Co., D.C., 25 F.Supp. 73, affirmed 3 Cir., 105 F.2d 941, resulted, July 6, 1938, unfavorably to the Winsor patent. There a grader known as the Caterpillar Auto Patrol was held not to infringe Winsor. Consequently our question is whether defendant's graders are substantially of the same design and construction as the Caterpillar Auto Patrol. The District Court

so held, and the evidence supports the finding.

Both the Caterpillar products held not to infringe and defendant's graders are power operated machines with a relatively long vehicle frame comprised of spaced, elongated, symmetrically arranged side members and cross members, with a power traction unit at the rear and a steering unit at or near the front end of the frame. Each has a grader blade adjustably mounted on the frame to operate on material along the path of travel. Each has a mechanism between the side members and the power unit to hold the implement in a fixed relation to the frame, independent of the steering wheel unit. In both the engine is supported at three spaced points upon the frame. Each has the operator's station between the engine and the grader blade, except that in a few models of defendant's graders it is located over and to the rear of the motor. And both place their engines over the axle except in a few models of defendant. These slight differences are of no importance. Galion I. W. & M. Co. v. J. D. Adams Mfg. Co., 7 Cir., 105 F.2d 943.

In view of this substantial evidence supporting the finding of the trial court, it should be accepted by this court. Barbour v. George, 7 Cir., 84 F.2d 281, 282; Universal Gas Co. v. Central Illinois Public Service Co., 7 Cir., 102 F.2d 164, 166. Moreover there is no substantial evidence to the contrary. Consequently, the decision in Galion Iron Works & Mfg. Co. v. Beckwith Machine Co., D.C., 25 F.Supp. 73, having been unfavorable to the Winsor patent and the motor graders manufactured by defendant being of substantially the same design and construction as those involved in the unfavorable suit, defendant was justified under the contract in refusing to continue payment of royalties after July 6, 1938.

Under the second claim, plaintiff alleges that it is entitled to $28,179.63 awarded it by the arbitrator mentioned in the license contract.

Clause 4 of the contract, under which plaintiff claims relief, provided that the arbitrator should be vested with sole authority and power to receive, consider and decide upon any complaint presented by either party claiming a violation of the license contract with respect to prices, terms of sale, and payment of royalties. If the arbitrator should find that the contract had been violated in any of these respects, he was authorized to assess as "liquidated damages," and "not as a penalty," not less than 100 per cent nor more than 500 per cent of the total royalty payments payable.

In satisfaction of the judgment in the first Galion Iron Works & Mfg. Co. v. J. D. Adams Mfg. Co. suit, supra, Adams paid Galion $19,825, representing unpaid royalties, and costs of $300.25. Shortly after this, plaintiff asked the arbitrator named in the contract to ascertain the amount of its alleged liquidated damages suffered by reason of defendant's refusal to pay royalties until compelled to do so under the judgment.

The arbitrator found plaintiff's expenses in the suit to be $25,218.11 plus accrued interest on unpaid royalties of $1,925 and $103.65 costs, a total of $28,179.63, and awarded this amount to plaintiff as actual liquidated damages in the form of additional royalties. Defendant refused to participate in the arbitration and claimed that the award was of no effect. The District Court sustained defendant's contention.

▆▆ Assuming the binding effect of the agreement to arbitrate, plaintiff did not see fit originally to avail itself of that remedy. Rather it brought suit. A right to arbitration arising out of mutual agreement, like any other contractual right, may be waived, amended or altered. The Belize, D.C., 25 F.Supp. 663, appeal dismissed 2 Cir., 101 F.2d 1005; Radiator Specialty Co. v. Cannon Mills, Inc., 4 Cir., 97 F.2d 318, 117 A.L.R. 299; La Nacional Platanera v. North American F. & S. S. Corp., 5 Cir., 84 F.2d 881. Commencement of a suit in court rather than reliance upon arbitration, with answer by the opposing party upon the merits, is a waiver of the right to arbitrate by both parties. The Belize, D.C., 25 F.Supp. 663; McKenna Process Co. v. Blatchford Corp., 304 Ill. App. 101, 25 N.E.2d 916. The plaintiff brought suit to recover unpaid royalties which defendant claimed it did not owe. It had a clear right to have the dispute arbitrated. This right was abandoned by suit; in that abandonment defendant acquiesced by answer on the merits. Plaintiff could have sought arbitration but it exercised its option of bringing suit. By its election, it waived its right to arbitration.

▆▆ By the contract the arbitrator was granted sole authority and power to deter-

mine any complaint involving violation of the contract by either party with respect to prices, terms and conditions of sale and payment of royalties. His decision was to be final and binding upon the parties. The language used is of such breadth as to include any controversy with respect to every subject mentioned, including payment of royalties. This, under the law of both Indiana and Ohio, apparently, was a binding covenant. Miller v. Blockberger, 111 Ohio St. 798, 146 N.E. 206; Jones v. Stevens, 112 Ohio St. 43, 146 N.E. 894; Carpenter v. Lockhart, 1 Ind. 434; Beiser v. Kerr, 107 Ind.App. 1, 20 N.E.2d 666. Under the contract the right to ask for arbitration came into existence whenever there was a controversy between the parties as to payment of royalties. Then and there the cause of action of which the arbitrator was given jurisdiction matured. However, the parties proceeded in court, the suit resulting in decree against defendant for the unpaid royalties. The court determined the amount and entered judgment which was immediately satisfied in full.

In its complaint plaintiff ignored its right to arbitration and prayed no reservation of that right. It did not pray reservation of the question of additional royalties for determination by an arbitrator or that the court itself award them. In the present record is a finding that the prior judgment contained no reservation of the right to arbitrate or to recover additional royalties. Plaintiff offered to prove that when the judgment was in the course of preparation, it submitted a form, one paragraph of which provided that the "ascertainment of additional royalties beyond the ordinary royalties be left for determination by the parties under the provisions of Clause 4 of said contract." The court refused to include this paragraph, entering judgment solely for the royalties found to be due and costs of suit. Plaintiff did not appeal from the judgment thus entered. Obviously, if it felt that the court had erred in refusing to reserve the right to arbitrate regarding additional royalties, it had a right to appeal. Could it, failing to appeal, thereafter insist upon arbitration?

■ A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as an estoppel, not only as to every matter which was offered or received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. 34 C.J. 818; 30 Am.Jur. 923; Davis v. Mabee, 6 Cir., 32 F.2d 502; Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195; United Shoe Machinery Corp. v. United States, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708; Grubb v. Public Utilities Comm., 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972; Kimberly Coal Co. v. Douglas, 6 Cir., 45 F.2d 25; Snell v. J. C. Turner Lumber Co., 2 Cir., 285 F. 356; Panoualias v. National Equipment Co., 2 Cir., 269 F. 630; Western Maryland Ry. Co. v. United States, D.C. Md., 23 F.Supp. 554.

In Kimberly Coal Co. v. Douglas, 6 Cir., 45 F.2d 25, 28, the court, discussing the effect of a former judgment for matured damages upon a later demand for future damages said: "That the trial court was of the opinion that recovery could not be had for future injury proximately caused by the breach, is without effect. The judgment on the merits * * * operates as an estoppel not only as to every element which was in fact made the basis of the claim, but as to every other matter which might with propriety have been litigated and determined in that action. * * * Having voluntarily withdrawn from that suit its claims founded upon the nonpayment of rents to accrue in the future, and damages to be subsequently the more apparent, and having announced in open court a willingness to accept a verdict which was only partly compensatory, the Kimberly Coal Company is thereafter and forever bound by such election." In Davis v. Mabee, 6 Cir., 32 F.2d 502, 503, the court said: "* * * litigants are not permitted to split their cause of action, by litigating a portion of their entire claim in one suit, and * * *, to maintain another action for the same relief, though based upon different grounds which existed at the time of commencement of the first action."

■■ In view of the court's refusal to reserve the right to arbitration as to additional royalties, plaintiff, having perfected no appeal, lost its right to insist upon arbitration. If the court erred in refusing to recognize the right to arbitrate, plaintiff's only remedy lay in review of that action. It had only one cause of action: the right to recover against defendant for breach of the license agreement. Perhaps its recovery might have been greater under the arbitra-

tion clause. Perhaps it might have been entitled to have additional damages assessed in the suit by virtue of the contractual provisions, but it could not split the causes of action, acquiesce in a judgment which reserved no further claim of damages and later seek additional damages by recourse to arbitration.

In view of our conclusions, it is unnecessary to consider the further reasons why the arbitration agreement has no binding effect urged by defendant.

The judgment is affirmed.