**BUY–RITE COSTUME JEWELRY, INC., Plaintiff,**

v.

**David ALBIN, Defendant.**

**Civ. A. No. 87–395 L.**

United States District Court, D. Rhode Island.

Jan. 6, 1988.

Thomas C. Angelone, Hodosh, Spinella & Angelone, Providence, R.I., for plaintiff.

Peter G. Berman, Providence, R.I., for defendant.

### MEMORANDUM AND ORDER

LAGUEUX, District Judge.

This matter is before the Court on the motion of defendant, David Albin, to stay

this action under Section 3 of the Federal Arbitration Act (9 U.S.C. § 3), and because of the existence of a similar proceeding between the parties in the Superior Court of the State of Rhode Island.

According to the allegations of the complaint filed here, Joseph Spano, then an employee and now the President of Buy–Rite Costume Jewelry, Inc. ("Buy–Rite"), acquired the stock of Four Seasons Jewelry Company ("Four Seasons") from Albin pursuant to a Stock Acquisition Agreement in September of 1986. At the same time Albin and Four Seasons entered into a Consulting Agreement. Both the Stock Purchase Agreement and the Consulting Agreement contained the identical written arbitration provisions:

(a) Any controversy or claim arising out of or relating to this Agreement or the breach thereof, shall be settled by arbitration in Somerset County or Middlesex County, New Jersey in accordance with the laws of the State of New Jersey by one arbitrator to be appointed pursuant to the Rules of the American Arbitration Association, and said arbitration shall be conducted in accordance with the Rules of the Association. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

(b) This provision for arbitration shall be in addition to, but shall not prevent either party from applying for and obtaining injunctive relief from any court having jurisdiction.

Also at the same time, Buy–Rite executed a Guarantee of Performance guaranteeing Albin all sums that Four–Seasons became obligated to pay Albin under the Consulting Agreement. The Guarantee of Performance did not contain an arbitration clause.

In May 1987, Albin brought an action in Rhode Island Superior Court against Buy–Rite for $15,000 on its Guarantee of Performance. Buy–Rite filed a counterclaim against Albin in state court alleging that the Stock Purchase Agreement contained false representations by Albin and that in reliance on these false representations, Buy–Rite executed the guarantee, released Albin from a $25,000 note and loaned $250,-000 to Four Seasons. Buy–Rite sought rescission of the Guarantee, rescission of the release of, and judgment upon the $25,-000 note and $250,000 in damages for monies Buy–Rite had loaned to Four Seasons in reliance upon Albin's misrepresentations.

On July 20, 1987, Buy–Rite filed the complaint in the present action in this Court. The complaint contained claims identical to those in Buy–Rite's state court counterclaim. Albin thereafter moved for a stay of proceedings in this Court on two grounds: (1) the dispute between Albin and Buy–Rite is subject to a written arbitration agreement; and (2) plaintiff has brought substantially similar actions against Albin in the Rhode Island Superior Court. On September 30, 1987 a hearing was held on the motion and the matter taken under advisement. The matter is now in order for decision.

### DEFENDANT'S MOTION FOR A STAY PENDING ARBITRATION

Section 3 of the United States Arbitration Act requires a federal court to stay an action that has been brought upon any issue referable to arbitration under an agreement in writing once the court has determined that the issue is arbitrable under the agreement. Section 3 provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

The purpose of the Act is to allow parties to contract to select a less costly alterna-

tive to litigation, and then to proceed in that alternative forum without delay imposed in the courts. *See Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 510–11, 94 S.Ct. 2449, 2452, 41 L.Ed.2d 270 (1974); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). Generally, the District Court must grant an application for a stay of proceedings pending arbitration where two conditions are satisfied: (1) the issue is one which is referable to arbitration under an agreement in writing for such arbitration, and (2) the party applying for the stay is not in default in proceeding with arbitration. *C. Itoh & Co. v. Jordon Intern. Co.*, 552 F.2d 1228 (7th Cir.1977).

■ In the present case, the issues are not referable to arbitration under an agreement between the parties. The record clearly indicates that there is no written arbitration clause in the Guarantee of Performance between Buy–Rite and Albin. Albin claims, however, that "[a]lthough the guarantee of Buy–Rite does not itself restate the arbitration provisions of the Consulting Agreement it is clear that this action consists exclusively of controversies or claims arising out of or relating to the Stock Purchase Agreement or the Consulting Agreement and therefore subject to the arbitration provisions of those agreements." Because Buy–Rite is not a party to these agreements, however, granting of the stay cannot be justified under the terms of the Arbitration Act. *Nederlandse Erts–Tankersmaatschappij v. Isbrandtsen Co.*, 339 F.2d 440, 441 (2nd Cir.1964); *Lawson Fabrics, Inc. v. Akzona, Inc.*, 355 F.Supp. 1146 (S.D.N.Y.), *aff'd without opinion*, 486 F.2d 1394 (2nd Cir.1973).

In some cases it may be advisable to stay litigation involving nonarbitrating parties pending the outcome of the arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 20 fn. 23, 103 S.Ct. 927, 938, fn. 23, 74 L.Ed.2d 765 (1983). However, as the Supreme Court noted in *Moses H. Cone*, "[t]hat decision is one left to the district court ... as a matter of discretion to control its docket." *Id.* (citing *Landis v. North American Co.*, 299 U.S.

248, 254–255, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). In the present case, where none of the parties to the arbitration clause, including Albin, has yet actually requested arbitration, this Court sees no need to stay this action.

■ Even if Buy–Rite was somehow deemed to be a party to the arbitration clauses, Albin waived his right to arbitrate by electing to bring suit in state court under the Guarantee of Performance. By engaging in discovery there, Albin took advantage of judicial procedures not available in arbitration. Albin's conduct in bringing the action in state court without seeking arbitration was thus inconsistent with his right to arbitration and prejudiced Buy–Rite. *See Jones Motor Co. v. Chauffeurs, Teamsters and Helpers Local Union No. 633*, 671 F.2d 38 (1st Cir.1982); *Galion Iron Works & Mfg. Co. v. J.D. Adams Mfg. Co.*, 128 F.2d 411 (7th Cir. 1942). Albin has not previously and does not now seek to compel Buy–Rite to arbitration. Albin is thus "in default in proceeding with arbitration." For the foregoing reasons, Albin's motion for a stay pending arbitration is denied.

## DEFENDANT'S MOTION FOR A STAY UNDER COLORADO RIVER

Albin also seeks a stay of these proceedings because of the presence of duplicative proceedings in Rhode Island state court. As the Supreme Court stated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976), "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction" because the district courts are under a "virtually unflagging obligation ... to exercise the jurisdiction given them." The Court noted, however, that principles of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" may justify a district court to abstain in situations involving the exercise of concurrent jurisdiction by the federal and state courts. The Court emphasized that such situations

were "exceptional," *Id.* at 818, 96 S.Ct at 1246, and that only "the clearest of justifications will warrant dismissal." *Id.* at 819, 96 S.Ct. at 1247. This principle was reaffirmed by the Court in *Moses H. Cone,* 460 U.S. 1, 19, 103 S.Ct. 927, 938, *supra.* In that case, the Court further detailed those factors that, after being balanced against each other, would rebut the unflagging obligation of a federal court to exercise jurisdiction:

(1) The assumption by the state court of jurisdiction over a res.

(2) The inconvenience of the federal forum.

(3) The avoidance of piecemeal litigation.

(4) The relative progress of the suits in the state and federal forums.

(5) Whether federal law provides the rule of decision.

*Moses H. Cone,* 460 U.S. at 19, 23–24, 103 S.Ct. at 938, 941.

■ Considering these factors in the present case, it is clear that there is no showing of the requisite exceptional circumstances to justify a stay. First, there is no res or property at issue here. Second, there is no contention that the federal court is a less convenient forum than the state court sited across the street. Third, there is no danger that the federal court by exercising its jurisdiction will cause a burdensome fragmenting of litigation. The matter will be essentially tried in whichever court brings the matter to trial first. If this Court finds that Albin fraudulently induced Buy–Rite to enter into the Guarantee of Performance, the state court would have to reject Albin's claims there under the doctrine of res judicata. If this Court finds there was no fraud, the state court would have to reject, for the same reasons, Buy–Rite's defense. Fourth, the state court action, while filed six weeks earlier, has not progressed much beyond the federal court action. As the Supreme Court said in *Moses H. Cone,* "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. at 939. Finally, although Albin's

complaint does not state a federal claim, it is clear that this factor alone does not jusitfy the surrender of a federal court's diversity jurisdiction. *Bergeron v. Estate of Loeb,* 777 F.2d 792, 799 (1st Cir.1985) (citing *Moses H. Cone,* 460 U.S. at 23–26, 103 S.Ct. at 941–42).

Clearly, no exceptional circumstances exist here to warrant this District Court from performing its "virtually unflagging obligation" to exercise its jurisdiction.

This Court's obligation to exercise its jurisdiction would be somewhat less had Buy–Rite's counterclaims in state court been permissive rather than compulsory. As this Court said in *Devona v. City of Providence,* 652 F.Supp. 683, 686 (D.R.I. 1987), "A federal court has a duty to exercise its jurisdiction not merely because the plaintiff has rights which can be adjudicated in the federal forum, but also because the plaintiff is intent upon obtaining relief in the federal courts." In *Devona,* plaintiff had filed claims against defendants almost simultaneously in state and federal court. This Court noted that "[w]here a plaintiff has filed a state action ... and later files an identical federal action solely as a procedural maneuver, some abuse of process on the part of plaintiff is apparent from the posture and nature of the case." *Id.* This Court held that, in such cases, the federal court does not have an unflagging obligation to exercise jurisdiction.

The obligation there had been rebutted by the presence of exceptional circumstances. This Federal Court balanced the *Moses H. Cone* indicia (along with other relevant factors) in order to determine whether or not the Court should exercise its undoubted jurisdiction.

In the present case, Buy–Rite, as a defendant in state court, filed compulsory counterclaims against Albin. Buy–Rite then filed these same claims against Albin in federal court. Had Buy–Rite's state court counterclaims been permissive, some abuse of process may have been apparent. Buy–Rite would then perhaps have filed duplicative actions to obtain a procedural advantage.

It is clear, however, that Buy–Rite's counterclaims were compulsory because they arose from the same transaction or occurrences as Albin's claims against him. Albin sued to recover under the Guarantee of Performance. Buy–Rite, counterclaimed for rescission of the Guarantee alleging that it executed the guarantee in reliance upon Albin's false warranties and representations concerning the financial condition of Four Seasons. Buy–Rite's other counterclaims were similarly based on transactions induced by these same alleged misrepresentations. Because all those claims arose out of the same transactions or occurrences, Buy–Rite was obligated to bring these claims as counterclaims or lose the right to assert them in state court.

Therefore, there is no indication that Buy–Rite filed the second action in federal court to gain some kind of procedural advantage. Consequently the concerns that led this Court to grant the dismissal in *Devona* are not present in this case. The motion to stay because of a duplicative state proceeding is thus denied.

*It is so Ordered.*