**DUFERCO STEEL INCORPORATED,**
Plaintiff–Appellant,

v.

**M/V KALISTI, her engines, boilers, tackle, furniture, apparel, etc., in rem; and Tomazos Shipping, Limited, in personam, Defendants–Appellees.**

No. 96–2521.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 4, 1996.

Decided Aug. 14, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied Sept. 23, 1997.

Steven C. Weiss, Paul M. Levy, Michael J. Devine, Deutsch, Levy & Engel, Chicago, IL, Stanley McDermott, III (argued), Leo G. Kailas, Peter M. Corrigan, Piper & Marbury, New York City, for plaintiff-appellant.

Paul Kozacky (argued), Mark K. Anderson, Kozacky & Associates, Chicago, IL, for defendants-appellees.

Before RIPPLE, MANION and DIANE P. WOOD, Circuit Judges.

RIPPLE, Circuit Judge.

This is an in rem action against the M/V Kalisti and an in personam action against the ship's owner, Tomazos Shipping, Limited ("Tomazos"). The suit was brought by Duferco Steel Incorporated ("Duferco"), under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C.App. §§ 1300 *et seq.*, to recover for damage done to goods in transit from Italy to the United States. The district court granted the motion of Tomazos to dismiss Duferco's complaint. For the reasons set forth in this opinion, we affirm the judgment of the district court.

## I

## BACKGROUND

### A. *Facts*

In October 1994, Duferco delivered a cargo of goods to Tomazos and the M/V Kalisti in Italy for carriage to Canada and the United States. The vessel delivered the goods between November 8 and 17, 1994. On November 6, 1995, Duferco filed this action. Duferco's suit therefore was filed "within one year after delivery of the goods" in accordance with § 3(6) of COGSA. 46 U.S.C.App. § 1303(6). Duferco sought a recovery of $175,000 because the goods were not delivered in good condition.

This appeal focuses on the bills of lading that set forth the parties' shipping agreement. The back side, or "overleaf," of each bill of lading provides that all the terms of the Brodin–Sidermar charter party,[1] dated September 19, 1994, are incorporated into the bills of lading.[2] Paragraph 35 of that

1. A charter party is an agreement by which the owner of a ship lets the ship to another or a "charterer." Black's Law Dictionary 236 (6th ed.1990). With respect to the voyage at issue here, Brodin Shipping AB ("Brodin") had time-chartered the vessel from Tomazos, and Sidermar di Navigazione S.p.A. ("Sidermar") had chartered the vessel from Brodin for the voyage.

2. The overleaf also contains a provision entitled "General Paramount Clause," which states:

The Hague Rules contained in the International Convention for the Unification of certain

charter party, the provision that is the key to this appeal, states:

> All dispute[s] arising out from the performance or interpretation of this contract shall be referred to arbitration in London in the customary manner and according to English law. The right of both parties to refer any dispute to arbitration ceases 12 (twelve) months after the date of completion of discharge and in case of non performance 12 (twelve) months after the cancelling date as per clause Nr. 11. Where this provision is not complied with, claims shall be deemed to be waived and absolutely barred.

R.10, Ex.B at 6 para. 35. Tomazos moved to dismiss Duferco's complaint on the ground that Duferco did not exercise its right to arbitrate the dispute in London within one year of the completion of the shipment.

### B. *Decision of the District Court*

■ The district court decided that the bills of lading, by incorporating the charter party's arbitration clause, required Duferco to arbitrate its claim in London within a year of the shipment; otherwise, the claim was barred. The court held that, because Duferco had failed to arbitrate, the claim was barred as a matter of law and that dismissal was appropriate.[3]

---

rules relating to Bills of Lading, dated Brussels the 25th August 1924 as enacted in the country of shipment shall apply to this contract. When no such enactment is in force in the country of shipment, the corresponding legislation of the country of destination shall apply, but in respect of shipments to which no such enactments are compulsorily applicable, the terms of the said Convention shall apply.
R.10, Ex.A at 2 para. 2.

3. Although the district court cast its decision in terms of a dismissal of the complaint, we think that it is preferable to characterize its action as a grant of a motion for summary judgment. In deciding a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), we review de novo the legal sufficiency of the complaint. *See Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir.1997). We can, of course, also consider the bills of lading and the charter party because, although Duferco failed to attach these vital documents to its complaint, Tomazos attached them to its motion to

---

## II

## DISCUSSION

### A.

■ The parties disagree on whether the arbitration clause in the charter party was incorporated into the bills of lading. The district court took the view that United States law governed this question and that, under that law, the arbitration clause was incorporated in the bills of lading and therefore was an operative part of the parties' agreement.

The arbitration clause in the charter party provides that "[a]ll dispute[s] arising out from the performance or interpretation of this contract shall be referred to arbitration in London in the customary manner and *according to English law.*" R.10, Ex.B at 6 para. 35 (emphasis added). Both parties agree (and we shall assume they are correct for purposes of this decision) that, under English law, general words of incorporation in bills of lading do not incorporate the arbitration clause of a charter party. English law requires, we are told, that, in order for a bill-of-lading claim to be arbitrable, one of the following must be true: (1) The bills of lading contain an arbitration clause; (2) the bills of lading expressly refer to the arbitration clause in the charter party; or (3) the

---

dismiss. Documents referred to in, but not attached to, a plaintiff's complaint that are central to its claim may be considered in ruling on a Rule 12(b)(6) motion if they are attached to the defendant's motion to dismiss. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431–32 (7th Cir.1993). Here, however, neither the pleadings nor the appended documentation contains a statement of facts essential to the parties' respective positions: (1) the date of the discharge of the goods, and (2) Duferco's failure to request arbitration within one year of the discharge of the goods. Because Duferco failed to plead these matters, Tomazos should have filed a motion for summary judgment attaching affidavits or other documentary support to prove the discharge date and Duferco's failure to arbitrate. *See Stewart v. RCA Corp.*, 790 F.2d 624, 627–28 (7th Cir.1986); *Frier v. City of Vandalia*, 770 F.2d 699, 700 (7th Cir.1985). Nonetheless, before the district court and before this court, both parties agree on these two facts, and it was therefore permissible for the district court to take them as stipulated.

arbitration clause in the charter party expressly refers to bill-of-lading claims. The incorporation clause in the bills of lading in this case is general in its wording and does not mention specifically arbitration.

On the basis of this understanding of English law, Duferco's argument goes as follows: The bills of lading incorporate the charter party's terms; one term of the charter party is that English law shall govern arbitration; that term of the charter party means that the English rule of incorporation is incorporated into the bills of lading; the English rule of incorporation would not permit the charter party's arbitration clause to be incorporated into the bills of lading; and therefore the district court should have allowed Duferco's suit to go forward.

We cannot accept this argument. Its circularity reveals that it misses an important analytical step. Before making an initial decision on the appropriate choice of law to govern the incorporation of the charter party's arbitration clause into the bills of lading, Duferco's argument immediately incorporates the arbitration clause into the bills of lading and *then* maintains that, on the basis of the arbitration clause that was just incorporated, the arbitration clause cannot be incorporated into the bills of lading. In short, in Duferco's view, it is permissible to incorporate the arbitration clause into the bills of lading in the first instance, but only to find out that the arbitration clause cannot be incorporated. Accepted choice of law methodology permits a far less convoluted view of the parties' agreement. This methodology requires that we first determine the governing law with respect to the issue of incorporation. This initial and independent step, not part of Duferco's tendered analysis, is, as the district court recognized, crucial.

■ Upon examination of the bills of lading and the circumstances of the case, we conclude that there is no reason to suppose that the incorporation issue ought to be governed by English law. Nothing in the bills of lading suggests that English law should govern the incorporation issue. Indeed, the bills of lading provide that the "Hague Rules ... as enacted in the country of shipment shall apply to this contract" and that, if "no such enactment is in force in the country of shipment, the corresponding legislation of the country of destination shall apply." R.10, Ex.A at 2 para. 2. The parties agree, and we shall assume, that neither Italy nor Canada has implemented the Hague Rules. Therefore, under this contractual provision, United States law, specifically COGSA, applies to the bills of lading.[4] United States law, in contrast to the English rule as the parties describe it, is that a bill of lading can incorporate the provisions of a charter party by specific reference to it.[5] There is no requirement, as there apparently is in English law, that the incorporation language make explicit reference to the arbitration clause. Duferco does not contend that the reference to the charter party in the bills of lading is not sufficiently specific to permit incorporation of the charter party into the bills of lading under United States law.

Accordingly, the district court correctly held that United States law determined whether the arbitration clause of the charter party was incorporated into the bills of lading.

## B.

■ Because the district court believed, correctly, that the charter party's arbitration clause was part of the parties' agreement, the court determined that the case ought to be dismissed because Duferco had failed to arbitrate its claim in a timely manner. The arbitration clause in the charter party re-

---

4. Congress generally implemented our domestic version of the Hague Rules when it enacted COGSA. *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 536–38, 115 S.Ct. 2322, 2328, 132 L.Ed.2d 462 (1995); *SNC S.L.B. v. M/V Newark Bay*, 111 F.3d 243, 247 & n. 10 (2d Cir.1997); 2 Thomas J. Schoenbaum, Admiralty and Maritime Law § 10–15, at 75 (2d ed.1994).

5. *See Son Shipping Co. v. De Fosse & Tanghe*, 199 F.2d 687, 688 (2d Cir.1952) ("Where terms of the charter party are, as here, expressly incorporated into the bills of lading they are a part of the contract of carriage and are binding upon those making claim for damages for the breach of that contract ...."); *see also Cargill Inc. v. Golden Chariot MV*, 31 F.3d 316, 318 (5th Cir.1994).

quired that all disputes "arising out from the performance" of the parties' agreement be referred to arbitration within twelve months of "the date of completion of discharge." R.10, Ex.B at 6 para. 35. According to the materials submitted, the date of completion of discharge was November 17, 1994; Duferco therefore had until November 16, 1995 to arbitrate its claim. It did not comply with this requirement. The charter party provides, in unmistakable language, that the consequence of Duferco's failure to arbitrate within twelve months is that its "claims shall be deemed to be waived and absolutely barred." *Id.* On the basis of this language, the district court dismissed Duferco's claim as time barred.

■■■ Duferco claims that Tomazos had no right to this dismissal but that it could only move under the Federal Arbitration Act ("FAA") for a stay pending arbitration. *See* 9 U.S.C. § 3. We cannot accept this assertion. Having been sued by Duferco in federal court, Tomazos was entitled to rely on Duferco's waiver of its right to arbitrate. *See Morrie Mages & Shirlee Mages Found. v. Thrifty Corp.*, 916 F.2d 402, 405 (7th Cir. 1990). A plaintiff waives (or at least presumptively waives) its entitlement to insist on arbitration by filing suit in court. *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390–91 (7th Cir.1995); *Galion Iron Works & Mfg. Co. v. J.D. Adams Mfg. Co.*, 128 F.2d 411, 413 (7th Cir.1942).[6] Although a defendant may waive its rights under an arbitration clause by electing to follow the plaintiff's lead and to proceed before the nonarbitral tribunal, *see Cabinetree*, 50 F.3d at 390–91; Galion Iron Works, 128

F.2d at 413, Tomazos, faced with this litigation in the final days of the arbitration clause's life, can hardly be said to have acquiesced in the course chosen by Duferco and therefore to have waived its rights under the arbitration clause. Consequently, Tomazos was within its rights to enforce the time bar provision of the arbitration clause by filing a motion to dismiss rather than a motion for a stay of the action. *See St. Mary's Med. Ctr. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 588 (7th Cir.1992) ("The essential question is whether, based on the circumstances, the alleged defaulting party has acted inconsistently with the right to arbitrate."). By the time Tomazos filed its motion to dismiss, the time for arbitration had expired by the terms of the contract.

■■■ Given the waiver of arbitration by Duferco, the district court was under no independent obligation to invoke the remedy rejected by the party; the court was not required, as Duferco insists, to stay, on its own motion, the action under § 3 of the FAA. Section 3 states that the district court "shall" stay the trial of the action when the parties' agreement provides for arbitration, but it states further that the court shall do so only "on application of one of the parties." 9 U.S.C. § 3.[7] Here, neither party moved for a stay; neither Duferco's complaint nor Tomazos' motion to dismiss, no matter how liberally construed, can be viewed as containing a stay request.[8] Similarly, because neither party petitioned the district court for an order compelling arbitration, Duferco's contention that § 4 required the district court to compel arbitration has no force. *See* 9 U.S.C. § 4; *Dean Witter Reynolds Inc. v.*

---

6. *See also Kulukundis Shipping Co., S/A v. Amtorg Trading Corp.*, 126 F.2d 978, 989 (2d Cir. 1942); *Shanferoke Coal & Supply Corp. v. Westchester Serv. Corp.*, 70 F.2d 297, 299 (2d Cir. 1934), *aff'd*, 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935).

7. *See Morrie Mages*, 916 F.2d at 405–06 ("Under the terms of the FAA, district courts have no discretion to refuse *a request* for a stay and shall direct the parties to proceed to arbitration on issues covered by an arbitration agreement.") (emphasis added); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992) ("Section 3 provides that when claims are properly referable to arbitration, that upon applica-

tion of one of the parties, the court shall stay the trial of the action until the arbitration is complete.").

8. In Duferco's reply to Tomazos' motion to dismiss, Duferco did remark that dismissal would not be appropriate and that, at best, Tomazos could obtain a stay, a contention that, as we have just explained, was meritless. Duferco's remark certainly cannot be construed as an application for a stay under § 3 or a petition to compel arbitration under § 4. Section 4, in particular, contains several formal procedural features distinguishing such a petition from the stray remark made in Duferco's reply. *See* 9 U.S.C. § 4.

*Byrd,* 470 U.S. 213, 217–19, 105 S.Ct. 1238, 1240–41, 84 L.Ed.2d 158 (1985) (holding that FAA requires the court to "compel arbitration of otherwise arbitrable claims, *when a motion to compel arbitration is made.*") (emphasis added).

■ The district court properly determined that Duferco, not having sought to arbitrate its dispute during the allotted time according to the agreement, had waived its right to recovery by the terms of that agreement. The district court correctly dismissed the suit.

### Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.