William E. LARGE and
Diane A. Large

v.

CONSECO FINANCE SERVICING
CORP.

CIV.A. No. 01–140ML.

United States District Court,
D. Rhode Island.

July 26, 2001.

**204**

Christopher M. Lefebvre, Law Offices of Claude Lefebvre, Pawtucket, RI, Gary Klein, Grant & Roddy, Boston, MA, for plaintiffs.

Richard L. Gemma, MacAdams & Wieck, Inc., Providence, RI, Edward D. Rogers, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, PA, Bruce P. Gladstein, Pawtucket, RI, for defendant.

## *MEMORANDUM AND ORDER*

LISI, District Judge.

This matter is before the Court on Defendant's motion to compel arbitration. Plaintiffs object on the grounds that the dispute is not arbitrable. In the alternative, Plaintiffs seek an order from this Court which would permit limited discovery on the costs to be incurred should the case proceed to arbitration. For the following reasons, Defendant's motion is hereby granted.

### I. *Facts*

The Plaintiffs, William and Diane Large, are Rhode Island homeowners. The Defendant, Conseco Finance Servicing Corp., is in the business of making consumer loans secured by residential property. On March 28, 2000, the parties entered into an agreement whereby Plaintiffs secured a $20,000 mortgage from Defendant. The parties executed multiple documents at that time, including the Real Estate Note (the "Note"). The Note includes an arbitration clause which provides that all disputes "arising from or relating to [the] note ... shall be resolved by binding arbitration...." The Defendant seeks to compel arbitration pursuant to the arbitration clause.

On March 20, 2001, Plaintiffs notified Defendant by letter of their intention to rescind the mortgage agreement. Plaintiffs cited alleged violations of the Federal Truth in Lending Act ("TILA") and Home Ownership and Equity Protection Act ("HOEPA") as the basis for their intention to rescind. They claimed that Defendant had failed to make "accurate material disclosures" required under 15 U.S.C. § 1639(a) and, therefore, that Plaintiffs retained a right to rescind the agreement. By letter dated March 29, 2001, Defendant informed Plaintiffs that it would not comply with their request for rescission.

Plaintiffs pray for statutory damages, rescission, declaratory judgment, attorney's fees, and equitable relief. All of these requested remedies are premised on alleged violations of the TILA and HOEPA.

### II. *Standard of Review*

When assessing a request to compel arbitration of a dispute pursuant to the Federal Arbitration Act ("FAA"), this Court must "determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). In other words, the determinative question is whether the dispute is arbitrable.

In making its analysis, this Court must bear in mind the "liberal federal

policy favoring arbitration agreements...." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Furthermore, "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration.... The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration...." *Id.* at 24–25, 103 S.Ct. 927.

## III. *Discussion*

Defendant's motion for an order compelling binding arbitration rests on the language of the arbitration clause included in the Note. The clause reads in part:

> All disputes, claims, or controversies arising from or relating to this note ..., or the validity of this arbitration clause or the entire note, shall be resolved by binding arbitration by one arbitrator selected by [Lender] with [Borrower's] consent.... The parties agree and understand that they choose arbitration instead of litigation to resolve disputes.... The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this agreement.... The parties agree and understand that the arbitrator shall have all powers provided by law and the note. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief and injunctive relief.

Defendant contends that this dispute must be submitted to binding arbitration by virtue of the parties agreement to arbitrate, *inter alia,* "all disputes, claims, or controversies arising from or relating to" the Note.

Plaintiffs oppose Defendant's motion on two grounds. First, they claim that their notice of rescission under the TILA invalidated all provisions of the mortgage contract, including the arbitration clause.[1] Alternatively, if the arbitration clause is declared valid, Plaintiffs claim they need the benefit of discovery in order to obtain specific details surrounding the arbitration. These details, they argue, might give rise to a claim that their financial situation makes arbitration too costly a forum for fair resolution of the TILA dispute.

### A. *Rescission and the FAA*

The Seventh Circuit Court of Appeals described the situation presently before this Court: "[a] successful rescission action annuls the contract and returns the parties to the status quo ante. We are thus confronted with an interesting, if not somewhat metaphysical, question: Does a dispute, which has as its object the nullification of a contract, 'arise out of' that same contract?" *Sweet Dreams Unltd., Inc. v. Dial–A–Mattress Int'l, Ltd.,* 1 F.3d 639, 641 (7th Cir.1993) (citation omitted) (directing district court to grant defendant's motion to compel arbitration where plaintiff sought contract rescission). The Supreme Court answered this question in the affirmative in *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). There, the

---

1. Plaintiffs claim that because the FAA (9 U.S.C. § 1, et seq.) provides that arbitration clauses may be invalidated "upon such grounds as exist at law or in equity for the revocation of any contract," the arbitration clause included in their contract with Defendant was voided when Defendant received notice of Plaintiffs' intention to rescind the contract pursuant to the TILA.

Supreme Court held that the fact that a plaintiff seeks rescission of a contract does not require that an arbitration clause included in that contract be ignored. *Id.* at 404, 87 S.Ct. 1801. According to *Prima Paint*, only where impropriety is alleged with respect to the making of the arbitration clause itself may a litigant avoid arbitration in the face of that clause and the FAA. *Id.; See also Unionmutual Stock Life Ins. Co. of Am. v. Beneficial Life Ins. Co.,* 774 F.2d 524, 528–29 (1st Cir.1985).

Here, Plaintiffs do not attack the arbitration clause of the contract. They seek to revoke the entire loan agreement. *Prima Paint* makes clear that absent an attack on the specific arbitration clause included within a contract, general rescission claims are resolvable by arbitration. 388 U.S. at 404, 87 S.Ct. 1801.

While *Prima Paint* does not deal specifically with a TILA claim for rescission like the one invoked by Plaintiffs in this case, the Supreme Court has held that a rescission request does not preclude arbitration where a litigant seeks rescission based on a federal statute. *Mitsubishi Motors Corp.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444. In *Mitsubishi* the Supreme Court held that "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum . . .," sending the action to arbitration does not compromise the deterrent and remedial functions of a statute. *Id.* at 637, 105 S.Ct. 3346.

■ Here, the arbitration clause specifically provides that the arbitrator "shall have all powers provided by law and the [Note]," and that those powers "shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief." Recently, the Supreme Court held in *Green Tree Fin. Corp. v. Randolph* that TILA claims are indeed subject to arbitration. 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) (reversing the 11th Circuit's decision that the district court erred in granting a defendant-lender's motion to compel arbitration in a TILA dispute). The Supreme Court noted the liberal spirit of the FAA with respect to arbitration clauses in rendering its decision in *Randolph. Id.* at 522. According to the Supreme Court, unless a statute "evinces an intention to preclude a waiver of judicial remedies," claims arising under that statute are subject to arbitration. *Id.* at 521–22. In the immediate case Plaintiffs do not contend that either the Congressional record or the plain meaning of the TILA suggest that TILA claims are exempt from resolution by arbitration.

B. *Plaintiffs' request that discovery be had before submission of dispute to binding arbitration.*

■ Where a party aims to invalidate an arbitration clause because of potential prohibitive costs of the arbitral forum, that party bears the burden of proving that those costs will likely be incurred. *Randolph,* at 522. Plaintiffs argue that because the arbitration clause in their contract with Defendant is silent on the costs and procedures of the arbitral forum, the action must remain in federal court to allow for discovery to give them an opportunity to meet the requisite burden of proof.

This Court is not persuaded by Plaintiffs' request for discovery for several reasons. First, Defendant has agreed, by letter and at oral argument, to cover all arbitration costs incurred by Plaintiffs in connection with this case. Defendant has also proposed that arbitration take place in Providence, Rhode Island, as a matter of convenience for Plaintiffs, who are Rhode Island residents. Moreover, the TILA au-

thorizes the awarding of costs and attorney's fees should Plaintiffs prevail on their statutory claims. 15 U.S.C. § 1640(a)(3). Thus, an arbitrator would have authority under the TILA to award Plaintiffs such fees. *Johnson v. West Suburban Bank,* 225 F.3d 366, 374 (3rd Cir.2000). In light of these factors, Plaintiffs' contention that prohibitive arbitration costs might compromise the fair resolution of this dispute is without merit.

### C. *Disposition*

■ This Court must address the appropriate disposition of this matter. The FAA provides that where a district court has declared that issues before the court are arbitrable, the court shall "stay the trial of the action until such arbitration has been had . . . ." 9 U.S.C. § 3. However, several Courts of Appeals-including the First Circuit-recognize that where all the issues presented in a lawsuit are arbitrable, the district court may exercise its discretion to dismiss the complaint. *See Bercovitch v. Baldwin School, Inc.,* 133 F.3d 141, 156 n. 21 (1st Cir.1998); *Seus v. John Nuveen & Co., Inc.,* 146 F.3d 175, 179 (3rd Cir.1998); *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir.1992); *Duferco Steel Inc., v. M/V Kalisti,* 121 F.3d 321, 327 (7th Cir.1997); *Sparling v. Hoffman Constr. Co., Inc.,* 864 F.2d 635, 637–38 (9th Cir.1988) (finding dismissal an appropriate disposition absent a request for dismissal).

Here, Plaintiffs pray for statutory damages pursuant to 15 U.S.C. § 1640(a), rescission pursuant to 15 U.S.C. § 1635(a), declaratory relief, equitable relief, and attorney's fees. The clear language of the arbitration clause vests an arbitrator with the authority to adjudicate each of Plaintiffs' claims and to award all relief sought by Plaintiffs. Since all claims asserted here by Plaintiffs may be fully resolved by the arbitration, this Court exercises its discretion to dismiss this action.

### IV. *Conclusion*

For the foregoing reasons Defendant's Motion to Submit Action to Binding Arbitration is **GRANTED,** and the complaint is **DISMISSED.**

SO ORDERED.