Katherine SHIELDS, and Cheryl Ann Zuber, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

LEFTA, INC. d/b/a Premier Jeep Eagle, Defendant.

No. 94 C 6260.

United States District Court, N.D. Illinois, Eastern Division.

June 5, 1995.

Daniel A. Edelman, Cathleen M. Combs, Tara Leigh Goodwin, James Eric Vander Arend, Michelle Ann Weinberg, O. Randolph Bragg, Edelman & Combs, Chicago, IL, for plaintiffs.

Robert L. Kiesler, Dale Lehman Schlafer, Bryan W. Luce, Peter R. Menella, Kiesler & Berman, Richard M. Carr, Jonathan Paul

Geen, Hardt & Stern, P.C., Chicago, IL, for defendant.

### *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court is plaintiffs' motion for class certification on Counts I and II of the Complaint. FED.R.CIV.P. 23. The motion is granted.

### I. *BACKGROUND*

In Count I, plaintiffs Katherine Shields and Cheryl Ann Zuber allege violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and regulations promulgated thereunder on the part of defendant Lefta, Inc. d/b/a Premier Jeep Eagle ("Premier"). In Count II, plaintiffs allege a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/1 *et seq.* Counts III and IV apply only to plaintiff Katherine Shields, and there is no attempt to certify class action on those counts.

A detailed explication of the allegations is not necessary. In a nutshell, plaintiffs allege that defendant has made misrepresentations regarding the price of the extended warranty or service contracts bought and financed through the dealership. The form a customer signs when financing details where the money is going. The dealership has to do this under Regulation Z, 12 C.F.R. § 226.18. The rub is that the extended warranty appears under the section of the form listing money paid to others. Allegedly, the amount that represents the charge to the plaintiffs for the extended warranty is more than the amount the dealership is paying to the third party that is providing the extended warranty. Thus, it is plaintiffs' theory, the representation that the amount charged for the extended warranty is an amount paid to others is in violation of TILA, Regulation Z and the Illinois Consumer Fraud Act. Additional allegations of fraud are related to misrepresenting the warranty price as among nonnegotiable items.

But plaintiffs now assert that this has not only happened to them; it happens quite a bit, and they would like the alleged victims of those still-actionable instances certified as a class. So the court turns to the two hurdles to certification: satisfaction of all of the Rule 23(a) requirements and satisfaction of one of the Rule 23(b) requirements. It is worth noting that a number of judges of this district have certified classes of plaintiffs suing other dealerships on identical theories. *See, e.g., Cirone–Shadow v. Union Nissan of Waukegan,* No. 94 C 6723, 1995 WL 238680 (N.D.Ill. Apr. 20, 1995) (Kocoras, J.) (citing cases). Nevertheless, as Judge Kocoras noted before adding to the trend, the trend itself is not enough, each case demanding its own separate consideration. *See id.* at *2.

### II. *RULE 23(a): PREREQUISITES TO A CLASS ACTION*

■ Plaintiffs seek to certify a class consisting of all persons who satisfy the following criteria:

(1) They purchased a service contract or extended warranty from Premier.

(2) Their transaction was financed by a retail installment contract.

(3) Their transaction was documented as a consumer transaction (*i.e.,* TILA disclosures were given).

(4) The retail installment contract contains the form of representation complained of; *i.e.,* it states that an amount was paid to a third party on account of an extended warranty that is other than the amount actually collected by the third party.

For Count I, plaintiffs propose the class would include anyone whose retail installment contract is dated on or after November 9, 1993. For Count II, plaintiffs propose the class would include anyone whose retail installment contract was outstanding on or after November 9, 1991. Defendant contests all four Rule 23(a) prerequisites. Plaintiffs therefore are put to their burden to "establish[ ] that each of the requirements for class certification have been satisfied." *Cirone–Shadow,* 1995 WL 238680, at *2 (citing cases).

#### A. *Numerosity*

Rule 23(a) first requires that the class be "so numerous that joinder of all members is

impracticable." FED.R.CIV.P. 23(a). Defendant asserts that there would be approximately 240 class members under Count I, the TILA count, and 680 class members under Count II, the Illinois Consumer Fraud Act count. Defendant also notes that these numbers are based on total service contracts, and not all purchased service contracts would have been financed, so the numbers "will be somewhat less." (Defendant's Response in Opposition to Plaintiffs' Motion for Class Certification at 6.) The court therefore will assume for these purposes that slightly fewer than 240 and 680 are in the class. In the end, no one disputes that we are dealing with hundreds of people. Even based on defendant's own predications, the court finds the numerosity prerequisite fulfilled.

Defendant's only authority for urging denial based on lack of numerosity is *Marcial v. Coronet Ins. Co.*, 880 F.2d 954 (7th Cir.1989), because, defendant says, in that case the Seventh Circuit "held that as many as 400 to 600 proposed class members can be inadequate to satisfy the numerosity requirement." (Defendant's Response in Opposition to Plaintiffs' Motion for Class Certification at 6.) As plaintiffs note, however, the *Marcial* court merely held that, because the 400 to 600 estimate was based on flawed assumptions, that number could not be the basis for class certification. *Marcial*, 880 F.2d at 957. *Marcial* does not suggest that 600 would not be in the ballpark. And plaintiffs point to authority for numbers far less than those conceded by defendant. *See Beasley v. Blatt*, No. 93 C 4978, 1994 WL 362185, at *2 (N.D.Ill. July 11, 1994) (collecting cases).

The inquiry, of course, is not a search for a magic number. The bottom line here is that the hundreds of class members involved, in this court's view, satisfies the numerosity requirement.

### B. *Commonality*

■ The second Rule 23(a) prerequisite is that there be "questions of law or fact common to the class." FED.R.CIV.P. 23(a). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir.1992), *cert. de-*

*nied*, —— U.S. ——, 113 S.Ct. 972, 122 L.Ed.2d 127 (1993). Judge Kocoras, in a case involving substantially identical allegations against another car dealership, found commonality. Again, each case receives its own consideration, but Judge Kocoras's comments apply well to the instant case:

> By definition, all putative class members purchased a service contract or extended warranty from [defendant car dealer] through a retail installment contract which contained written disclosures allegedly misrepresenting the amount actually paid to a third party for the extended warranty or service contract. The central legal issue to be resolved is whether this practice violates TILA and/or the Illinois Consumer Fraud Act. [Defendant's] liability to each putative class member[ ] is contingent upon resolution of this sole issue. Although there will be some factual distinctions among the plaintiffs' claims, the factual variations among the class grievances will not defeat class certification.

*Cirone–Shadow*, 1995 WL 238680, at *2; *see also Slawson v. Currie Motors Lincoln Mercury, Inc.*, No. 94 C 2177, 1995 WL 22716, at *2 (N.D.Ill. Jan. 13, 1995).

■ Defendant raises particularly the question of whether commonality exists regarding the Consumer Fraud Act claim. But the requirements under the Act, as recently clarified by the Supreme Court of Illinois, are common to the class. The requirements for a Consumer Fraud Act claim are "(1) a deceptive act or practice; (2) defendant's intent that the plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving trade or commerce." *Slawson*, 1995 WL 22716, at *3 (citing *Martin v. Heinold Commodities, Inc.*, 163 Ill.2d 33, 205 Ill.Dec. 443, 463, 643 N.E.2d 734, 754 (1994)). As did Judge Holderman in *Slawson*, this court finds that "common questions of law and fact predominate over issues that are unique to individual class members, satisfying Rule 23(a)'s commonality requirement." *Id*. Different situations exist, of course, for each plaintiff. No two purchases of cars (or any other items) are exactly alike, but the fact remains that the

nucleus of the complaint against defendant is common to the potential class members.

### C. *Typicality*

 The typicality analysis is similar to the commonality analysis. *See Rosario*, 963 F.2d at 1018 ("The question of typicality in Rule 23(a)(3) is closely related to the ... question of commonality."). "[A] 'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Id.* (*quoting De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983)). Here, because "each class member's claims arise from the same event or practice" of defendant, "the claims meet the typicality requirement." *Id.* Many of defendant's arguments attack the basis of plaintiffs' claims. Those claims may in fact have no basis, but as a general matter the claims of the named plaintiffs and those of the potential class plaintiffs stand or fall together.

### D. *Adequacy of Representation*

Finally, Rule 23(a)(4) requires that "the representative parties fairly and adequately represent the class." *Rosario*, 963 F.2d at 1018. Given all information available to the court, including that provided by defendant, the court finds both class counsel and the named class representatives adequate. The court does not find class counsel has usurped the named plaintiffs' role as parties.

### III. *RULE 23(b): CLASS ACTIONS MAINTAINABLE*

In addition to fulfilling the prerequisites of Rule 23(a), a class seeking certification must belong in one of the categories of maintainable class actions under Rule 23(b). Here plaintiffs ask the court to find, and the court does find, "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED.R.CIV.P. 23(b)(3). Much of the discussion regarding commonality and typicality applies here. The predominant issue here is common to the class, making this a maintainable class action. Furthermore, given the relatively small amounts at stake for each plaintiff (by litigation standards, that is; the amounts are real to the plaintiffs), a class action is superior to other available methods of adjudication. *See Cirone–Shadow*, 1995 WL 238680, at *5.

### CONCLUSION

Plaintiffs' motion for class certification is granted.