Katherine **SHIELDS**, and Cheryl Ann Zuber, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**LEFTA, INC. d/b/a Premier Jeep Eagle, Defendant.**

**No. 94 C 6260.**

United States District Court, N.D. Illinois, Eastern Division.

June 22, 1995.

Daniel A. Edelman, Cathleen M. Combs, Tara Leigh Goodwin, James Eric Vander Arend, Michelle Ann Weinberg, and O. Randolph Bragg, Edelman & Combs, Chicago, IL, for plaintiffs.

Robert L. Kiesler, Dale Lehman Schlafer, Bryan W. Luce, Peter R. Menella, Kiesler & Berman, and Richard M. Carr and Jonathan Paul Geen, Hardt & Stern, P.C., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiffs filed a four-count Complaint against Defendant Lefta, Inc. d/b/a Premier Jeep Eagle ("Premier"). This court previously certified Counts I and II of the Complaint as a class action in a Memorandum Opinion and Order dated June 5, 1995 (888 F.Supp. 891). Defendant has filed a motion to dismiss Counts I and II of the Complaint for failure to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6).

### I. BACKGROUND

Count I of the Complaint alleges that defendant violated the Federal Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq. and failed to comply with Federal Reserve Board Regulation Z, 12 C.F.R. § 226. Count II, a supplemental claim, alleges that defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/1 et seq.

Each class member purchased a car from defendant and financed the transaction through a motor vehicle installment sales contract. As part of their motor vehicle purchases, each class member purchased an extended warranty or service contract. Defendant's itemization of the amounts financed for class representative Shields' installment sales contract serves as an example:

| ITEMIZATION OF AMOUNT FINANCED | |
| --- | --- |
| Cash Price | $6,437.80 |
| Less Cash Down Payment | $1,000.00 |
| Less Trade–In | $ 500.00 |
| Amounts Paid on Your Account | |
| Unpaid Balance of Cash Price | $4,937.80 |
| Amounts Paid to Others for You | |
| Unpaid balance Due on Trade–In | $ N/A |
| (Paid To) | |
| Public Officials | $ 61.00 |
| (License, Title & Taxes) | |
| To CHRYSLER SERVICE CONTRACT | $1,520.00 |
| To DOC. FEE | $ 40.00 |

(Complaint Ex. A.)

In Count I, the TILA count, plaintiffs allege that defendant inadequately disclosed the costs included in the installment sales contracts. There are two TILA violations alleged. First, plaintiffs allege that defendant listed the entire amount charged to plaintiffs for a purchased service contract under the category of "amounts paid to others." This listing was despite the fact that not all of the money was going to others. Some of the money went into the pocket of the dealership. Of course there is nothing wrong with money going into the pocket of a car dealership on a car purchase, but plaintiffs allege misrepresentation as to the amount going into the pocket of the dealership versus being paid out to others. Plaintiffs' second TILA allegation is that defendant placed the service contract prices amid costs itemized as "License, Title & Taxes." Plaintiffs allege that this practice caused the service contract prices to appear non-negotiable, thereby allowing defendant to overcharge plaintiffs.

### II. DISCUSSION

For purposes of defendant Premier's motion to dismiss, the Complaint is construed in the light most favorable to plaintiffs and its allegations are taken as true. See Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir.), cert. denied, —— U.S.

——, 114 S.Ct. 602, 126 L.Ed.2d 567 (1993). On a motion to dismiss, both Rule 12 and Rule 8 are consulted. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 433 (7th Cir.1993). Rule 8 sets forth the requirements for pleading a claim in federal court, stating that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a). Counts I and II are discussed in order.

### A.  Count I:  TILA Count

■ TILA aims to provide for meaningful disclosure of credit terms so that consumers may compare available credit terms, to avoid the uninformed use of credit, and to protect consumers against inaccurate and unfair credit billing. *See* 15 U.S.C. § 1601(a). To implement TILA, Congress "delegated expansive authority to the Federal Reserve Board to elaborate and expand the legal framework governing commerce in credit." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559–60, 100 S.Ct. 790, 794, 63 L.Ed.2d 22 (1980). The Federal Reserve Board in turn issued regulations commonly referred to as Regulation Z. *See* 12 C.F.R. § 226.

Plaintiffs' Count I is based primarily upon Regulation Z, Section 226.18, which states in pertinent part:

> For each transaction, the creditor shall disclose the following information as applicable: ...
>
> (c) *Itemization of amount financed.* (1) A separate written itemization of the amount financed, including: ... (iii) Any amounts paid to other persons by the creditor on the consumer's behalf. The creditor shall identify those persons.

12 C.F.R. § 226.18 (footnote omitted).

■ Defendant based its motion to dismiss on its alleged compliance with TILA and Regulation Z. In fact, defendant claims to have used model disclosure forms published by the Federal Reserve Board. True enough, that "creditors who comply with a 'rule, regulation, or interpretation' of the Federal Reserve Board are entitled to a good faith defense to TILA claims." *Paull v. Chrysler Credit Corp.*, 544 F.Supp. 848, 850

(N.D.Ill.1982) (quoting 15 U.S.C. § 1640(f)), *affirmed and opinion adopted,* 705 F.2d 944 (7th Cir.1983). And if the defense is established by the Complaint, plaintiffs can be deemed to have pleaded themselves out of court. *See Tregenza v. Great Am. Communications Co.,* 12 F.3d 717, 718 (7th Cir.1993) (where affirmative defense of statute of limitations follows inevitably from facts pleaded in complaint, Rule 12(b)(6) dismissal may be proper), *cert. denied,* —— U.S. ——, 114 S.Ct. 1837, 128 L.Ed.2d 465 (1994); *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir.1992) (same).

However, part of plaintiffs' claim in Count I attacks what information defendant is putting on the model form. Defendant appears to be arguing that as long as it used the model form, it could put false information on the form and be immune from any TILA claim for its compliance, which neither makes sense nor follows from TILA and TILA caselaw. Plaintiffs claim that where the disclosure form lists amounts paid to a third party, the form is a misrepresentation. That states a claim. *Accord Cirone–Shadow v. Union–Nissan, Inc.,* No. 94 C 6723, 1995 WL 51547, at *2 (N.D.Ill. Feb. 3, 1995.).

■ More problematic is plaintiffs' claim that the service contract price is listed among non-negotiable items like license, title and taxes. Looking at the model form supplied by the Federal Reserve Board, it becomes clear that as a matter of law defendant complied with the regulations on this point. As far as placing of the service contract charge, there is simply no place else to put it. Likewise, as far as placing of the license, tax and title fees, there is simply no other place to put them. Any possible violation springs from the placing of cash in the dealer's pocket under the category of amounts charged to others. But plaintiffs cannot be heard to complain that there was an additional TILA violation in the placement of the charges. That placement was authorized by the regulations, *see* 12 C.F.R. § 226, App. H–3, absolving defendant Premier on this point. And "[r]eliance on this regulation as initial and continuance guidance in complying with the statute is apparent from the disclosure forms used by defendant[ ]." *Bas-*

*ham v. Finance America Corp.*, 583 F.2d 918, 923 n. 7 (7th Cir.1978). Plaintiffs' class allegations contemplate a consistent course of conduct. Accordingly, as far as it alleges misrepresentation of the service contract price as non-negotiable, Count I is dismissed with prejudice. As explained above, the count survives in all other respects.

### B. *Count II: State-law Count*

■ Count II alleges a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Defendant has three grounds for dismissal: (1) overcharging is not a violation of the Consumer Fraud Act; (2) Premier's compliance with TILA precludes a finding of a violation of the Consumer Fraud Act; and (3) plaintiffs' damage remedy is "too speculative to admit of consideration." (Memorandum in Support of Defendant's Motion to Dismiss Counts I and II of Plaintiffs' Complaint Pursuant to Rule 12(b)(6).)

The "overcharging" argument is a red herring. Plaintiffs are not claiming excessive price as their cause of action. Plaintiffs are claiming deception. The gravamen of the action is that the representation that the full amount of money earmarked for the service contract went to the third party is a lie. Defendant's "overcharging" argument does not dispute that an allegation of the above misrepresentation states a claim.

■ The TILA compliance argument has more basis. Unlike TILA, the Illinois Consumer Fraud Act does not mandate any particular form or subject of disclosure, but rather is a general prohibition of fraud and misrepresentation. *See Lanier v. Associates Finance, Inc.*, 114 Ill.2d 1, 101 Ill.Dec. 852, 859, 499 N.E.2d 440, 447 (1986). In *Lanier*, the Illinois Supreme Court held that Illinois' consumer credit statutes demonstrated a consistent policy against extending disclosure requirements beyond those mandated by TILA, in situations where both TILA and the Illinois statutes apply. *Id.*

In fact, the Consumer Fraud Act does not apply to "actions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." 815 ILCS 505/10b(1). Defendant argues that its compliance with Regulation Z and its use of model forms published by the Federal Reserve Board exempts it from liability under the Consumer Fraud Act. *See Lanier*, 101 Ill.Dec. at 859, 499 N.E.2d at 447.

■ When a creditor complies with Regulation Z, and thereby comports with TILA, that creditor complies with a law administered by the Federal Reserve Board. Consequently, a creditor's compliance with TILA may be a defense to liability under the Consumer Fraud Act. *Lanier*, 101 Ill.Dec. at 859, 499 N.E.2d at 447. But the extent to which defendant's Consumer Fraud Act arguments can rely on its TILA compliance depends on whether defendant complied with TILA as a matter of law. As discussed above, half of plaintiffs' TILA position survives this motion, while half does not. Specifically, the court above held that plaintiffs' TILA claim regarding misrepresentation of non-negotiability did not state a claim. For that half not surviving this motion, the same result happens on the Consumer Fraud Act count: dismissal.

Plaintiffs attempt to argue from the Consumer Fraud Act requirement that exempted actions or transactions be "specifically authorized" by federal statute or regulation. That is no argument on the non-negotiability issue, because plaintiffs' theory is misleading placement of the charges, and the court held above that the placement was specifically authorized by TILA regulations. Accordingly, insofar as the alleged misrepresentation is non-negotiability, Count II is dismissed with prejudice.

Finally there is defendant's argument that damages are too speculative. Defendant did not press this line of attack in its reply memorandum, so it is unclear whether defendant is still making the argument. In any event, the argument is ill-suited for a Rule 12(b)(6) motion. It is not beyond doubt that plaintiffs will fail to establish any damages.

### CONCLUSION

Defendant's Motion to Dismiss Counts I and II pursuant to Federal Rule of Civil

Procedure 12(b)(6) is granted in part and denied in part. Insofar as Counts I and II present a theory that defendant misrepresented the cost of an extended warranty or service contract as non-negotiable, the counts are dismissed with prejudice. The Complaint survives the motion in all other respects.