Joseph R. ALEXANDER, Ethel L. Alexander and Taylor Cleveland on Behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

CONTINENTAL MOTOR WERKS, INC., Doing Business as A–1 Continental Motor Werks, Inc., and Eagle Finance Corp., Defendants.

No. 95 C 5828.

United States District Court,
N.D. Illinois,
Eastern Division.

July 16, 1996.

Daniel A. Edelman, James O. Latturner, Cathleen Combs Cohen, Michelle Ann Weinberg, Edelman & Combs, Chicago, IL, for plaintiffs Joseph R. Alexander, Ethel L. Alexander and Taylor Cleveland.

Gary Edward Wilcox, Richard M. Karr, Jonathan Paul Geen, John C. Eggert, Hardt & Stern, P.C., Chicago, IL, for Continental Motor Werks, Inc.

Ray G. Rezner, Mark Scott Bernstein, Richard Allen Saldinger, Barack, Ferrazzano, Kirschbaum & Perlman, Chicago, IL, for Eagle Finance Corp.

## *MEMORANDUM OPINION*

KOCORAS, District Judge:

This matter is before the court on the defendant's motion to dismiss the plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the defendant's motion is denied.

### BACKGROUND

The case at bar is one of many presently pending in this district and elsewhere which involves the purchase of automobiles with accompanying extended warranty/service contracts. Alleging violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Illinois Consumer Fraud Act ("ICFA"), 815 ILCS 505/1 *et seq.*, the plaintiffs maintain that the retail installment sales contracts ("RICs") which they entered into upon financing their purchases failed to reflect accurately that the dealer was retaining a portion of the cost charged for their purchased service contracts. Instead, the plaintiffs' RICs reflected the entire amount charged by the dealer for the service contracts under the heading "Amount Paid to Others for You." That the dealer was retaining a portion was nowhere disclosed on the RICs.

On February 15, 1996, this court issued a memorandum opinion and order dismissing the plaintiffs' complaint against Defendant Continental Motor Werks ("Continental"), with leave to reinstate the complaint pending the final passage of the Federal Reserve Board's proposed commentary to Regulation Z. The proposed commentary pertained to the precise issue in the plaintiffs' case, i.e., the disclosure of a service contract fee where the creditor retains a portion of that fee. Given the immanency of its final passage and the potentially substantial impact which the proposed commentary had upon the plaintiffs' action, we dismissed the plaintiffs' action with leave to reinstate the complaint were the final commentary to be materially changed.

On March 28, 1996, the finalized version of the Official Staff Commentary to Regulation Z was promulgated. Noting that the final commentary contained certain material differences from the proposed version (but making no pronouncements as to their ultimate significance), this court, on May 7, 1996, reinstated the plaintiffs' action against Continental. Continental now moves for dismissal based upon the finalized version of the Official Staff Commentary to Regulation Z.

### LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the

merits of the case. Defendants must meet a high standard in order to have a complaint dismissed for failure to state a claim upon which relief may be granted since, in ruling on a motion to dismiss, the court must construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. *Ed Miniat, Inc. v. Globe Life Ins. Group Inc.,* 805 F.2d 732, 733 (7th Cir.1986), *cert. denied,* 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). The allegations of a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also Hishon v. King & Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Doe on Behalf of Doe v. St. Joseph's Hospital,* 788 F.2d 411 (7th Cir.1986). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Gray v. County of Dane,* 854 F.2d 179, 182 (7th Cir.1988). We turn to the motion before us with these principles in mind.

## DISCUSSION

■ On December 7, 1995, the Federal Reserve Board ("FRB") published for comment a proposed commentary to Regulation Z which provided:

> A creditor that offers an item for sale in both cash and credit transactions sometimes adds an amount (often referred to as an "upcharge") to a fee charged to a consumer by a third party for a service (such as for a maintenance or service contract) that is payable in an equal amount in both types of transaction, and retains that amount. At its option, the creditor may list the total charge (including the portion retained by it) as an amount paid to others, or it may choose to reflect the amounts in the manner in which they were actually paid to or retained by the appropriate parties.

60 Fed.Reg. 62785 (Dec. 7, 1995). Seemingly, this proposed commentary, to which great deference would have been owed were it ultimately adopted (*see Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 559–60, 100 S.Ct. 790, 793–94, 63 L.Ed.2d 22 (1980)), would have legitimized the practices of Defendant Continental, and the fate of the plaintiffs' lawsuit would have been sealed. However, following the solicitation of comments, the finalized version of the FRB's commentary was modified considerably. The finalized version, applicable as of April 1, 1996, reads as follows:

> *Charges Added to Amounts Paid to Others.* A sum is sometimes added to the amount of a fee charged to a consumer for a service provided by a third party (such as for an extended warranty or a service contract) that is payable in the same amount in comparable cash and credit transactions. In the credit transaction, the amount is retained by the creditor. Given the flexibility permitted in meeting the requirements of the amount financed itemization ..., the creditor in such cases may reflect that the creditor has retained a portion of the amount paid to others. For example, the creditor could add to the category "amount paid to others" language such as "(we may be retaining a portion of this amount)."

61 Fed.Reg. 14954 (new Comment 226.18c1(iii)–2).

As we recognized in our May 7, 1996 opinion, conspicuously absent from the commentary's finalized version is the proposed commentary's unequivocal language to the effect that "At its option, the creditor may list the total charge (including the portion retained by it) as an amount paid to others...." Indeed, when compared to the clarity of the proposed commentary, the language employed in the finalized version has been significantly dulled. Presently at issue is whether or not the content or meaning of the finalized commentary has been weakened as well.

The defendant rests on the fact that at least two judges in this district have issued written opinions answering the posed question in the negative. *See Abercrombie v.*

*William Chevrolet/Geo, Inc.,* No. 95 C 3119, 1996 WL 251435 (N.D.Ill. May 3, 1996) (Zagel, J.); *Gibson v. Bob Watson Chevrolet– Geo, Inc.,* No. 95 C 6661, 1996 WL 316975 (N.D.Ill. June 7, 1996) (Gettleman, J.). Central to each of these opinions is the finalized commentary's deliberate use of the word "may," rather than the stronger "must" or "shall." As reasoned by these courts, the language of the finalized commentary indicates an intent by the FRB to make the disclosure of dealer "upcharges" optional. Indeed, this would appear to be the aspiration of the proposed commentary. The intent behind the finalized version, however, is not nearly so crystal. Fortunately, published indicators of FRB intent with regards to the finalized commentary are available for court examination.

When the Board issued its finalized commentary, it also published supplementary comments which purported to explain the reasoning behind the changes from the proposed commentary to the finalized version. As explained by the Board:

> For the most part, commenters agreed with the Board's proposed treatment. As proposed, the comment stated that a creditor could include in the "amount paid to others," any amount retained by the creditor without itemizing or noting this fact. Concern is raised about the appropriateness of such treatment under the TILA where a substantial portion of a fee categorized as "amounts paid to others," is in fact retained by the creditor. Accordingly, a sentence has been added to clarify that given the flexibility in itemizing the amount financed, creditors may reflect that they have retained a portion of the "amount paid to others" rather than disclosing the specific amount retained.

61 Fed.Reg. 14954 (new Comment 226.18c1(iii)–2). Read in light of the FRB's supplementary comments and in conjunction with the specific requirement set forth in Regulation Z that the creditor "shall disclose ... a separate written itemization of the amount financed including ... (iii) any amounts paid to other persons by the creditor on the consumer's behalf," an examination of the finalized commentary reveals an intent not to relieve the dealer of the obligation to disclose the *existence* of an upcharge, but rather to relieve the dealer only of the obligation to disclose the *amount* of the upcharge. Judge Leinenweber's joint opinion in *Loel Bambilla v. Evanston Nissan, Inc., et. al,* 94 C 6818, 1996 WL 284954 (N.D.Ill. May 20, 1996) and *Raul D. Mejia v. River Oaks Imports,* 94 C 2748, 1996 WL 284954 (N.D.Ill. May 20, 1996), provides support for this view of the finalized commentary. We further believe that it is the only interpretation of the finalized version which comports with the spirit of TILA and which can be reconciled with the FRB's accompanying comments.

The finalized version of the FRB commentary presents a compromise position which meets the creditors' concerns while continuing to require an accurate disclosure as TILA demands. Thus, under the finalized commentary, if the creditor is retaining a portion of the extended warranty charge, the creditor may not state that it is paying the full amount of the purchase price for the extended warranty to a third party. The creditor is not required to disclose the exact amount it is retaining, rather the creditor "... may reflect that the creditor has retained a portion of the amount paid to others." 61 Fed.Reg. 14954 (new Comment 226.18c1(iii)–2). Such an interpretation, which benefits both consumers (by putting them on notice of the existence of an upcharge) and creditors (by preventing disclosure of the actual cost), is wholly consistent with the fundamental proposition that any TILA disclosure must be *accurate. See Goldman v. First Nat. Bank of Chicago,* 532 F.2d 10, 22 (7th Cir.1976) ("Congress clearly sought to compel accurate disclosure ..."), *cert. denied,* 429 U.S. 870, 97 S.Ct. 183, 50 L.Ed.2d 150 (1976). The interpretation propounded by the defendant, which gives the creditor the option of accurately disclosing its retention of a portion of the purchase price of the extended warranty or of inaccurately claiming that the entire amount of the purchase price of the extended warranty is being paid to a third party, would be to effectively authorize a deliberate, known misrepresentation under TILA. In light of the changes made by the FRB in the finalized commentary and the concerns expressed by its ac-

companing comments, we cannot conclude that the FRB intended such a result. Accordingly, the defendant's motion to dismiss based on the finalized version of the Official Staff Commentary to Regulation Z must be denied. In accordance with the language of the commentary, however, we will require the plaintiffs to file a second amended complaint which sufficiently alleges that Continental does not charge the same amount of an upcharge in all cash and credit transactions.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is denied.