Jerry TAYLOR and Mary Taylor on Behalf of Themselves and All Others Similarly Situated, Plaintiffs,

v.

QUALITY HYUNDAI, INC., Bank One Milwaukee, N.A., and Bank One Chicago, N.A., Defendants.

No. 95 C 6619.

United States District Court, N.D. Illinois, Eastern Division.

July 23, 1996.

Daniel A. Edelman, James O. Latturner, Cathleen Combs Cohen, Tara Leigh Goodwin, Michelle Ann Weinberg, Richard Joseph Doherty, Edelman & Combs, Chicago, IL, James Eric Vander Arend, Gessler, Hughes & Socol, Ltd., Chicago, IL, for plaintiffs Jerry Taylor, Mary Taylor, on behalf of themselves and all others similarly situated.

James J. Roche, Monica Tynan, James J. Roche and Associates, Chicago, IL, for defendant Quality Hyundai, Inc.

Kevin Michael Flynn, Lisa A. Janda, Coffield, Ungaretti and Harris, Chicago, IL, John P. Buckley, Coffield Ungaretti & Harris, Chicago, IL, for defendants Bank One, Milwaukee N.A., Bank One, Chicago N.A.

**OPINION AND ORDER**

NORGLE, District Judge:

Before the court are the Motions to Dismiss of all Defendants. For the following reasons, the motions are granted.

### I. *Background*

Jerry Taylor and Mary Taylor ("Taylors") filed their Complaint under the federal Truth in Lending Act ("TILA") (Count I) and the Illinois Consumer Fraud Act ("ICFA") (Counts II and III). The Complaint alleges that Quality Hyundai, Inc. ("Quality"), Bank One, Milwaukee, N.A. ("Bank One Milwaukee"), and Bank One, Chicago, N.A. ("Bank One Chicago") violated those statutes in connection with the financing of an automobile for the Taylors. The Taylors purchased the automobile under a retail installment sales contract ("Contract"). Quality was the original creditor under the Contract. Bank One Milwaukee is an assignee of the Contract. Bank One Chicago is apparently the post office box to which the Taylors sent their payments.

The Taylors complain that the Contract improperly contained a section labeled "itemization of amount financed," which listed the purchase price of extended warranty coverage at $1,395. That listing appeared in the section entitled "[amounts] paid to others for you," and indicated that the $1,395 was paid to "Western Nat." The Taylors allege that this listing caused them to be overcharged for extended warranty coverage, because Quality did not pay the full $1,395 to Western Nat., but rather retained a portion of the charge. The Taylors do not allege that they did not receive meaningful disclosure of their credit terms, that the amount disclosed on the Contract was inaccurate, or that they were unable to compare the credit terms available to them. They also do not allege actual damages. Moving to dismiss, all Defendants argue that the Taylors have not stated causes of action under either TILA or the ICFA.

### II. *Discussion*

On a motion to dismiss, a complaint must be sustained if relief could be granted under any set of facts consistent with the allegations. *National Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (citations omitted). In deciding the motion, the court must consider the allegations in the light most favorable to the plaintiff.

Count I alleges a violation of TILA. All Defendants argue that the Taylors have not stated a claim under TILA because Defendants have fully complied with TILA requirements.

Congress delegated to the Federal Reserve Board ("FRB") the power to elaborate and expand the legal framework of TILA. *See Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565, 100 S.Ct. 790, 796–97, 63 L.Ed.2d 22 (1980). The FRB exercised this authority by promulgating a set of regulations, known as "Regulation Z," which sets forth the manner in which disclosures must be made by creditors. To further TILA's goal of ensuring meaningful and understandable disclosures, Regulation Z specifically prohibits the inclusion of "information not directly related to the disclosures required under § 226.18." *See* 12 C.F.R. § 226.17(a)(1).

Recently, the FRB revised its Official Staff Interpretation to Regulation Z ("Interpretation").[1] *See* Interpretation, 12 C.F.R. § 226.18. Courts grant great deference to the FRB's interpretations of its own regulations, and those interpretations are dispositive unless clearly irrational. *Gibson v. Bob Watson Chevrolet–Geo, Inc.*, No. 95 C 6661, 1996 WL 316975, at *2 (N.D.Ill. June 10, 1996) (finding no TILA violation in an automobile credit contract which listed extended warranty/service charge as an "other charge" paid "to North American for extended warranty," and failed to disclose that dealership paid only a small portion of that charge to an outside provider).

---

1. The Interpretation applies retroactively, as it interprets and clarifies existing law. *See Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565– 70, 100 S.Ct. 790, 796–99, 63 L.Ed.2d 22 (1980); *Hernandez v. Vidmar Buick Co.*, 910 F.Supp. 422 (N.D.Ill.1996).

The Interpretation states that the "itemization of amounts financed" must include "[a]ny amounts paid to other persons by the creditor on the consumer's behalf." 12 C.F.R. § 226.18. Further, the Interpretation provides that a creditor may either include the total charge of extended warranty coverage as an amount paid to others or alter the form contract to indicate that the dealer may retain a portion of the charge as profit. The Interpretation states:

> A sum is sometimes added to the amount of a fee charged to a consumer for a service provided by a third party (such as for an extended warranty or service contract) that is payable in the same amount in comparable cash and credit transactions. In the credit transaction, the amount is retained by the creditor. Given the flexibility permitted in meeting the requirements of the amount financed itemization (see the commentary to Section 226.18(c)), the creditor in such cases *may* reflect that the creditor has retained a portion of the amount paid to others. For example, the creditor *could* add to the category "amount paid to others" language such as "(we may be retaining a portion of this amount)."

12 C.F.R. 226.18(c)(iii)–2 (emphasis added). The language does not condemn the practice complained of by the Taylors. As written, the Contract was acceptable under TILA and its corresponding regulations; no action arises from the Contract's failure to disclose that Quality may have retained a portion of the charge. The FRB did not require creditors to alter their method of disclosure: the words "must" or "shall" do not appear in the Interpretation. *See Abercrombie v. William Chevrolet/Geo Inc.*, No. 95 C 3119, 1996 WL 251435, at *2 (N.D.Ill. May 8, 1996) (noting that "may" should not be confused with "must," nor "could" with "shall"). Had the FRB wanted to require disclosure of amounts retained by the creditor, it could have done so with stronger language. It did not. Accordingly, the Taylors cannot state a claim under TILA based on the alleged facts. *See Gibson*, 1996 WL 316975 at *2.[2]

 Count II alleges a violation of the ICFA based on the same contractual language at issue in the Count I. Count III alleges a claim under the ICFA which springs from a violation of Section 5 of the Illinois Motor Vehicle Retail Installment Sales Act ("MVRISA"). The Illinois Supreme Court determined that conduct authorized by TILA cannot constitute a violation of the ICFA. *Hernandez v. Vidmar Buick Co.*, 910 F.Supp. 422, 427 (N.D.Ill.1996). *See also* 815 ILCS 505/10b, 815 ILCS 375/5(16). As the court has determined that the complained of conduct is acceptable under TILA, the court also dismisses Counts II and III.

### III. *Conclusion*

For the foregoing reasons, the Complaint is dismissed.

**IT IS SO ORDERED.**

---

2. The court recognizes that other courts in this district have disagreed with the holdings of this court and the other TILA cases cited herein. *See Alexander v. Continental Motor Werks*, 933 F.Supp. 715 (N.D.Ill.1996) (Kocoras, J.); *Bambilla v. Evanston Nissan, Inc.*, No. 94 C 6818, 1996 WL 284954 (N.D.Ill. May 21, 1996) (Leinenweber, J.).