**Chantal RITTER, on Behalf of Herself and All Others Similarly Situated, Plaintiff,**

v.

**DURAND CHEVROLET, INC., et al., Defendants.**

**Civil Action No. 96–10282–EFH.**

United States District Court, D. Massachusetts.

July 30, 1996.

Yvonne W. Rosmarin, Arlington, MA, Daniel A. Edelman, Edelman & Combs, Chicago, IL, for plaintiff Chantal Ritter.

Paul R. Kelley, Neville, Kelley, Neville, Bellotti & Barretto, Cambridge, MA, Jayant W. Tambe, James R. Daly, Jones, Day, Reavis & Pogue, Chicago, IL, for defendants Durand Chevrolet, Inc., Durand Chevrolet–Oldsmobile–GEO.

Michael K. Callahan, David H. Gibbs, Peabody & Brown, Boston, MA, for defendant BayBank.

### MEMORANDUM AND ORDER

HARRINGTON, District Judge.

This matter is before the Court on the Defendants' Motion to Dismiss. The plaintiff in this case is Chantal Ritter.[1] The defendants are Durand Chevrolet, Inc., Durand Chevrolet–Oldsmobile–Geo (collectively referred to hereinafter as "Durand"), and Bay-Bank. Each defendant has adopted the other's motion. For the following reasons, the Court denies all defendants' motions as to Counts I and II, denies Durand's motion in part and grants Durand's motion in part as to Count III, and grants BayBank's motion as to Count III. The Court shall entertain a Motion for Summary Judgment by the defendants as to Counts I and II.

The plaintiff purchased a used motor vehicle from Durand in February, 1995. To finance her purchase, the plaintiff executed a combination Retail Installment Con-

---

1. The plaintiff ultimately seeks to petition the Court for class certification.

tract/Truth in Lending Disclosure Statement. This contract was then assigned to BayBank by Durand.

In Count I, the plaintiff claims that the defendants violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*, and the regulations promulgated by the Federal Reserve Board thereunder, 12 C.F.R. § 226, *et seq.* ("Regulation Z") and Mass.Gen.L. ch. 140D, which incorporates the substantive standards of TILA, by excluding Vendor's Single Interest Insurance (VSI) charges from the "finance charge" section of the contract. In Count II, the plaintiff alleges that the same practice is in violation of the Massachusetts Retail Installment Sales of Motor Vehicles statute, Mass.Gen.L. ch. 255B (MVRISA). Section 1605(c) of TILA, however, allows the VSI premium to be excluded from the "finance charge" section of the contract if certain conditions are met. To meet those conditions there must be a clear and specific statement setting forth the cost of the VSI insurance and specifying that the coverage may be obtained by a person of the consumer's choice. In addition, the insurer must waive all rights of subrogation against the consumer. *See* 15 U.S.C. § 1604(c); 12 C.F.R. § 226.4(d)(2), n. 5. Too make the determination whether such conditions have been met would require the Court to consider matters outside of the pleadings. In limited instances, a court may consider a document that a defendant attaches as an exhibit to a motion to dismiss without converting such motion into a motion for summary judgment. In this case, however, the Court declines to examine the attached insurance statement and instead shall rule on this issue on the filing of a Motion for Summary Judgment by defendants in accordance with the Scheduling Order of even date.

In Count III, the plaintiff alleges that the defendants violated TILA by failing to properly disclose the conditions of the extended warranty which the plaintiff purchased from Durand for $1,048.00. Specifically, the plaintiff claims that the defendants misrepresented that the entire price listed under the heading of extended warranty in the contract would be paid to the warranty provider when in reality Durand retained a portion of this amount. In addition, the plaintiff claims that because the defendants placed the price of the extended warranty with non-negotiable items, the plaintiff was misled into believing that the extended warranty was also non-negotiable.

Durand disclosed the price of the extended warranty under the section of the contract labelled "Amounts Paid to Others in Your Behalf." The defendants claim that under TILA and Regulation Z, they were not required to disclose the fact that they were retaining a portion of the price paid for the extended warranty. The relevant part of Regulation Z states that a creditor shall disclose "any amounts paid to other persons by the creditor on the consumer's behalf." The Federal Reserve Board, however, recently published a commentary along with supplementary comments to Regulation Z which shows that the Regulation requires a creditor to disclose the fact that it is retaining *a portion* of the purchase price of the extended warranty but does not require the amount to be disclosed. *See* 61 Fed.Reg. 14954 (new comment 226.18cl(iii)–2). This interpretation of the Regulation was recently applied in *Alexander v. Continental Motor Werks, Inc.,* 933 F.Supp. 715 (N.D.Ill.1996), where the court held that a "creditor is not required to disclose the *exact amount* it is retaining, rather the creditor 'may reflect that the creditor has retained a portion of the amount paid to others.'" *Alexander,* 933 F.Supp. at 718 (emphasis added) (quoting 61 Fed.Reg. 14954 (new comment 226.18cl(iii)–2)). This interpretation is supported by the joint opinion in *Loel Bambilla v. Evanston Nissan, Inc., et al.,* 94 C 6818, 1996 WL 284954 (N.D.Ill. May 21, 1996), and *Raul D. Mejia v. River Oaks Imports,* 94 C 2748, 1996 WL 284954 (N.D.Ill. May 21, 1996).

Although other courts have interpreted the "may" phraseology in the Regulation and commentary to mean that disclosure that a portion of the purchase price of the extended warranty was retained was optional, *see Abercrombie v. William Chevrolet/Geo, Inc.,* No. 95 C 3119, 1996 WL 251435 (N.D.Ill. May 8, 1996); *Gibson v. Bob Watson Chevro-*

*let–Geo, Inc.,* No. 95 C 6661, 1996 WL 316975 (N.D.Ill. June 10, 1996), this reading is not consistent with the fundamental proposition that all TILA disclosures be accurate. The interpretation of these courts "gives the creditor the option of accurately disclosing its retention of a portion of the purchase price of the extended warranty or of inaccurately claiming that the entire amount of the purchase price of the extended warranty is being paid to a third party, [which] would be to effectively authorize a deliberate, known misrepresentation under TILA." *Alexander,* 933 F.Supp. at 718. Requiring a dealer to disclose that they are keeping a portion of the extended warranty, however, "benefits both consumers (by putting them on notice of the existence of an upcharge) and creditors (by preventing disclosure of the actual cost), [and] is wholly consistent with the fundamental proposition that any TILA disclosure must be *accurate.*" *Alexander,* 933 F.Supp. at 718. Accordingly, because Durand did not disclose that it was retaining a portion of the extended warranty price, Durand's Motion to Dismiss Count III with regard to this issue is denied.

■ BayBank, however, is an assignee of the plaintiff's contract. Under TILA, an assignee's liability is limited to violations that are apparent on the face of the disclosure statement. Section 1641(a) addresses the liability of assignees and states

> ... [A]ny civil action for a violation of this sub-chapter or proceeding under § 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned or (2) a disclosure which does not

> use the terms required to be used by this sub-chapter. (emphasis added).

15 U.S.C. § 1641(a).

■ In *Alexander v. Continental Motor Werks, Inc.,* 1996 WL 79403 (N.D.Ill. Feb. 16, 1996), the plaintiff alleged that the dealer violated TILA by failing to disclose that it retained a portion of the price of the extended warranty. That plaintiff further alleged that the assignee was also liable because they had general knowledge of this practice, and therefore, were put on notice of the violation. The *Alexander* court, however, rejected this argument and stressed that the violation must be "apparent on the face" of the disclosure statement. *Alexander* (N.D.Ill. Feb. 16, 1996) at 5. The word "apparent" means that "which is obvious, evident, or manifest; ... open to view, plain, patent." *Alexander* (Feb. 16, 1996) at 6 (quoting *Black's Law Dictionary,* at p. 88 (5th Ed.1979)). The court in *Alexander* also stated that "nothing in the plaintiff's complaint alleges, or creates the reasonable inference that [the assignee] had reason to doubt the accuracy or validity of the warranty/service charge on the RIC." *Alexander,* (Feb. 16, 1996) at 5. The present case is analogous in that the alleged violation is not apparent on the face of the disclosure statement, and the mere allegation that BayBank had general knowledge of the dealer's practice is not sufficient to find that BayBank violated Section 1641(a). Accordingly, Count III with regard to disclosure is dismissed as to BayBank.

■ Furthermore, in Count III the plaintiff alleges that in placing the price of the extended warranty with non-negotiable items under the category "Amounts Paid to Others," the plaintiff was misled into believing that the extended warranty was also non-negotiable. The defendants, however, were relying on a Model Form approved by the Federal Reserve Board when the extended warranty was placed under that category. *See* 12 C.F.R. § 226, App. H–3. Courts have uniformly held that there is no TILA liability when a defendant complies with the Model Form which is authorized by the Regulations. As the court in *Shields v. Lefta, Inc.,* 888 F.Supp. 894 (N.D.Ill.1995), which involved the placement of the service contract price

with non-negotiable items on the form, stated:

> Looking at the model form supplied by the Federal Reserve Board it becomes clear that as a matter of law defendant complied with the regulations on this point.... [T]he plaintiff cannot be heard to complain that there was an additional TILA violation in the placement of the charges. That placement was authorized by the regulations ... absolving defendant ... on this point.

*Shields,* 888 F.Supp. at 897–98 (N.D.Ill.1995). Therefore, to the extent that the plaintiff claims that she was misled based upon the extended warranty being placed among non-negotiable items, the TILA action cannot survive.

For the above reasons, the Court denies all defendants' motions as to Count I and II, denies Durand's motion in part and grants Durand's motion in part as to Count III, and grants BayBank's motion as to Count III.

**SO ORDERED.**