**Veronique JEANTY, Plaintiff,**

v.

**WASHINGTON MUTUAL BANK
F.A., Defendant.**

No. 03C0648.

United States District Court,
E.D. Wisconsin.

Feb. 25, 2004.

Daniel Edelman, Anne Burton, for Plaintiff or Petitioner.

Nathan Fishbach, Kenneth Nowakowski, Dianne Rist, for Defendant or Respondent.

## DECISION AND ORDER

ADELMAN, District Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Veronique Jeanty brings this putative class action alleging that Foundation Funding Group, Inc ("Foundation") violated the Truth in Lending Act ("TILA"), as amended by the Home Owners Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1602(aa) and 1639, by failing to properly disclose to plaintiff the amount of her monthly mortgage payments. The relevant facts are as follows: in June 2000, plaintiff obtained a mortgage from Foundation. The mortgage was insured by the Federal Housing Administration ("FHA"). The mortgage was subject to TILA and, because the points and fees exceeded eight percent of the loan, to HOEPA as well.[1] Under HOEPA, Foundation was required to make certain disclosures, known as "section 32" disclosures, three days prior to closing.[2] Among the disclosures required by section 32 was the amount of the regular monthly mortgage payment. 15 U.S.C. § 1639(a)(2)(A); 12 C.F.R. § 226.32(c)(3). In its disclosure statement,

Foundation indicated that plaintiff's regular monthly payment would be $675.90. However, Foundation did not include in this amount the monthly premiums that plaintiff would be required to pay for FHA mortgage insurance. If such premiums had been included, plaintiff's regular monthly payment would have ranged between $677.64 and $709.74 over the life of the loan.

Plaintiff claims that Foundation's failure to include the FHA insurance premiums in the amount of the regular payment violated TILA. Defendant Washington Mutual Bank F.A. ("Washington") purchased plaintiff's loan from Foundation, and the parties agree that, if Foundation violated TILA, defendant is liable. However, defendant contends that under TILA, Foundation was not required to include the FHA premiums in its disclosure and moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) raises the question of whether a complaint states a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir.1997). A complaint or portion thereof may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The essence of a Rule 12(b)(6)

---

**1.** Congress enacted HOEPA to combat predatory lending practices such as charging high interest rates and imposing excessive costs and fees on mortgage loans. *See* Elizabeth Renuart & Carolyn L. Carter, *Truth In Lending* § 10.1.1 (4th ed. Supp.2002).

**2.** Pursuant to TILA and HOEPA, the Federal Reserve Board enacted Regulation Z, 12 C.F.R. part 226. Section 32 or § 226.32 of Regulation Z requires the disclosure of certain information in connection with high cost mortgage loans.

motion is not that the plaintiff has pleaded insufficient facts, it is that even accepting all of the alleged facts, the plaintiff has no legal claim. *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir.1999). In reviewing a complaint under this standard, the court must accept as true the plaintiff's allegations, *Hosp. Bldg. Co. v. Tr. of Rex Hosp.*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), and construe the complaint in the light most favorable to the plaintiff, resolving all doubts in his favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

If the parties refer to matters outside the pleadings in support of or opposition to a motion to dismiss under Rule 12(b)(6), the motion must be converted into one for summary judgment. Fed.R.Civ.P. 12(b). However, without converting a motion to dismiss to one for summary judgment, a court may consider documents attached to the complaint as well as documents that are not attached to the complaint but attached to the motion to dismiss if such documents are referred to in the complaint and are central to the plaintiff's claim. *See* Fed.R.Civ.P. 10(b); *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir.2002).[3]

## III. DISCUSSION

■ The issue raised by defendant's motion is whether Foundation violated section 32 by failing to include the FHA insurance premiums in its disclosure of plaintiff's regular monthly payment. Neither HOEPA nor Regulation Z defines the term "regular monthly payment," but the official staff commentary to Regulation Z

that was in effect at the time provided as follows:

Paragraph 32(c)(3) Regular payment.

1. General. The regular payment is the amount due from the borrower at regular intervals, such as monthly, bimonthly, quarterly, or annually. There must be at least two payments, and the payments must be in an amount and at such intervals that they fully amortize the amount owed. In disclosing the regular payment, creditors may rely on the rules set forth in § 226.18(g); however, the amounts for voluntary items not agreed to by the consumer such as credit life insurance may not be included in the regular payment.

i. If the loan has more than one payment level, the regular payment for each level must be disclosed.

12 C.F.R. pt. 226 Supp. I, ¶ 32(c)(3) (2000). The official staff commentary to Regulation Z is written by the staff of the Federal Reserve Board. *See* Renuart & Carter, *supra*, § 1.4.3. Such commentary is binding on courts unless clearly irrational. *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927, 931 n. 5 (7th Cir.1998). The above comments are not clearly irrational; thus, I will be guided by them.

■ Based on the comments, I conclude that section 32 required Foundation to include the FHA insurance premiums in its disclosure of plaintiff's regular monthly payment. The comments contain two statements which dictate this conclusion. First, the comments define regular payment as the "amount due from the borrower." Because premiums for FHA mortgage insurance are payments due from the borrower, such premiums are within the

---

**3.** Plaintiff does not specifically allege in her complaint that Foundation failed to include the FHA insurance premiums in its disclosure but does so in her brief, and defendant acknowledges in its reply brief that plaintiff's

allegation is correct. Thus, I take the assertion as true and need not convert the motion into one for summary judgment. *See Duferco Steel Inc. v. M/V Kalisti*, 121 F.3d 321, 324 n. 3 (7th Cir.1997).

comments' definition.[4] Second, the comments require that regular payments "be in an amount and at such intervals that they fully amortize the amount owed." If FHA insurance premiums were not included in the amounts disclosed, the payments disclosed would not have fully amortized plaintiff's loan.

Defendant disputes the above conclusion on several grounds. First, relying on *In re Lewis*, 290 B.R. 541 (Bankr.E.D.Pa. 2003), defendant argues that the payments disclosed need not fully amortize a borrower's loan. However, the comments expressly require that the disclosed payments fully amortize the amount owed, and I am not free to ignore such requirement. Moreover, *Lewis* is not to the contrary. The question in *Lewis* was whether a borrower was required to disclose a balloon payment. *Id.* at 546. The court held in the negative based on its conclusion that an amendment to the staff commentary that was in effect at the time of the loan, which added language explicitly requiring the disclosure of a balloon payment, changed rather than clarified the lender's duty. *Id.* at 546–48. The *Lewis* court did not expressly address the question of whether at the time of the loan the failure to disclose a balloon payment was consistent with the requirement that the disclosed payments fully amortize the loan. However, to the extent that *Lewis* implicitly reached such conclusion, I reject its holding.

■ Second, defendant points out that Foundation used the Federal Reserve Board's model disclosure form H–16 and argues that, by using such form, Founda-

tion satisfied the requirements of TILA and HOEPA. A lender may be entitled to safe harbor by using a model form, but this is so only if, after it is filled out, the form includes all the information that the lender is required to disclose. *See* 15 U.S.C. § 1604(b); *In re Porter*, 961 F.2d 1066, 1076 (3d Cir.1992) (stating that if model form does not fit situation and use of it would be misleading, lender must supply its own nonstandard form); *Hale v. MBNA Am. Bank, N.A.*, 2000 WL 1346812 at *6 (S.D.N.Y. Sept.18, 2000) (noting that "quoting a model that does not describe the situation is not a defense against liability"); *see also Cirone–Shadow v. Union Nissan of Waukegan*, 955 F.Supp. 938, 943–44 (N.D.Ill.1997) (stating that use of model form does not entitle lender to safe harbor if substance of information provided on form is incorrect); and *Shields v. Lefta, Inc.*, 888 F.Supp. 894, 897 (N.D.Ill. 1995) (same).

In the present case, as filled out by Foundation, the model form did not include the information required by the comments to section 32. The amount listed as the regular monthly payment did not include the money "due [monthly] from the borrower." Moreover, the amount disclosed, if paid regularly, was not sufficient "to fully amortize the amount owed." Defendant points out that the form contained only one blank for the regular monthly payment, stating "[y]our regular [frequency] payment will be _____." However, where monthly payments will vary, the fact that a model form does not contain two blanks so as to reflect the range of payments does not excuse the lender from providing accurate information.[5] Founda-

---

4. The comments exclude *voluntary* credit insurance payments from the amount of the regular payment. 12 C.F.R. part 226 Supp. I, ¶ 32(c)(3). However, in the present case, the FHA insurance premiums were mandatory, not voluntary.

5. The comments provide that, in disclosing the regular monthly payment, creditors may rely on the rules set forth in 12 C.F.R. § 226.18(g). Section 226.18(g)(2) allows creditors to use an abbreviated payment schedule which discloses only the smallest

tion should have modified the form to fit the circumstances. For example, it could have stated "[y]our regular monthly payment will vary between $677.64 and $709.74." By any measure, the $675.90 per month figure that it did disclose was inaccurate.

 Defendant argues that it is unfair to hold lenders liable for inconsistencies between model forms and the comments. However, the forms are only models, and it is unreasonable for a lender to assume that a form will fit all situations without modification. It is not unreasonable to expect a lender to modify a form so as to accurately disclose the regular payments due on a loan. *See Acevedo v. Bally Total Fitness Corp.*, 1999 WL 1045035, at *3 (N.D.Ill. Nov.12, 1999) (stating that "[i]t is axiomatic that in order for the creditor to be in compliance with TILA, the disclosures must be accurate"). Moreover, § 1604(b) explicitly states that the lender is entitled to safe harbor only if it selects an *appropriate* model form. 15 U.S.C. § 1604(b). In the present case, using form H–16 without modification rendered Foundation's Section 32 disclosure misleading. Thus, form H–16 was not an appropriate model form to use without modification.

To summarize, in stating that plaintiff's regular monthly mortgage payment would be $675.90, Foundation provided inaccurate information. The amount disclosed did not reflect the amount due from the borrower and, if paid regularly, would not have fully amortized the loan. Foundation is not insulated from liability by using a model form because the substance of the information it presented on the form was incorrect. Thus, defendant's motion to dismiss must be denied.

and largest payments over the life of the loan, rather than a schedule that discloses every payment level. Thus, Foundation was not

## IV. CONCLUSION

For the reasons stated, defendant's motion to dismiss is **DENIED**.

required to disclose the amount of every monthly payment plaintiff would be required to make over the life of the loan.